[No. 8,133.—Department Two.]
July 25, 1882.

## CAL. SOUTHERN R. R. *v.* FRANK A. KIMBALL ET AL.

EMINENT DOMAIN—RAILROAD—CITY.—In a proceeding to condemn land including certain streets in the City of San Diego for the use of the plaintiff's railroad, it was objected on demurrer that the complaint did not allege that the authorities of the city had granted plaintiff the right to use the streets in question. *Held:* The demurrer was properly overruled.

ID.—ID.—ID.—Conceding that the streets of a city can not be used by a railroad company until the right to use the same has been granted by the city as prescribed in § 470 of the Civil Code it is not necessary that such grant shall first be obtained in order to maintain an action to condemn the rights of adjacent land owners in such streets.

ID.—VALUE OF PROPERTY—CONSTITUTIONAL LAW.—Section 1249 C. C. P.—which provides that, for the purpose of assessing compensation and damages in cases like this, the right thereto shall be deemed to have accrued at the date of the summons—is not inconsistent with § 14 of Article i. of the Constitution.

APPEAL by defendants H. Maybury and B. F. Nudd, from a judgment for the plaintiff in the Superior Court of San Diego County. McNEALY, J.

*Chase, Arnold,* and *Hunsaker,* for Appellants.

The complaint does not allege that the authorities of the city of San Diego had granted plaintiffs the right to use either the streets, alleys or any lands or water within the city. (C. C. § 470.) The Court ruled out all evidence tending to show the present value of the property. This point presents the question as to the time at which the value of the property taken, must be estimated. Section 1149 C. C. P. fixes the time at the date of the summons. We claim that all of the provisions are abrogated by § 15 of Art. i. of the New Constitution.

In *S. F. & S. J. R. R. Co.* v. *Mahoney,* 29 Cal. 116, this Court said: "There can be no doubt that the land owner is entitled to a sum equal to the value of his land at the time it is taken:" (*Fox* v. *W. P. R. R. Co.,* 31 id. 532.)

*M. A. Luce* and *H. E. Cooper,* for Respondent.

So long as plaintiff can not use the streets without first obtaining this grant from the city, it is but reasonable to

suppose this grant will be obtained before such use is made of them. The right to condemn the streets and to construct their roads along them is clearly given. (C. C. § 465, clauses 5–7; C. P. § 1240, clause 3.) The right to a just compensation for damages, or the right to condemn the lands, in no ways depends on the action of the city authorities. (*S. P. R. R. Co.* v. *Reed,* 41 Cal. 262; *Washington Cemetery* v. *P. P. & C. J. R. R. Co.,* 68 N. Y. 597; *Matter of New York Central & Hudson River R. R. Co.,* 77 N. Y. 248.)

The question as to the necessary uses and purposes of the plaintiff is a question of fact to be found by the Court; and the allegations of the complaint are sufficient under the Code. (C. P. §§ 1241–1244; C. C. P. § 1249.) Is not this section unconstitutional?

The COURT:

Conceding that none of the public streets of San Diego can be used by a railroad company, unless the right to use the same is granted by the city, in the manner prescribed by law, it does not seem to us to follow, that an action to condemn whatever right the owners of lands lying adjacent to said streets may have therein can not be maintained until after said city has granted a right of way over said streets.

If, as the appellants contend, the streets can not be used by the plaintiff until after it has acquired the right to use them from the city, as well as from the owners of adjacent lands, we are unable to see why the grant from the city should be *first* obtained. The lands of appellants can not be taken until paid for, and then for no other purpose than that designated in the complaint. If a grant by the city authority is essential to the right to use the streets for railroad purposes, it can make no difference to the appellants whether such grant is or is not obtained by the plaintiff.

We do not think that Section 1249, C. C. P., which provides that for the purpose of assessing compensation and damages in cases like this the right thereto shall be deemed to have accrued at the date of the summons, is inconsistent with Section 14 of Article i. of the present Constitution of this State. The value of the property at some period antedating the judgment could alone be awarded to the owner, because the award

must be made by the judgment. The future value of the property would be too uncertain to base an award of compensation upon. And the Constitution simply means that the compensation awarded in the manner prescribed by law shall be paid to the owner before his property shall be taken for public use.

We are satisfied that the findings and judgment are in accordance with the requirements of the Code.

Judgment affirmed.