[Civ. No. 13095. Second Dist., Div. Two. Dec. 5, 1941.]

LOS ANGELES COUNTY FLOOD CONTROL DISTRICT, Respondent, v. HOMER A. HANSEN et al., Defendants; CONSOLIDATED ROCK PRODUCTS COMPANY (a Corporation) et al., Appellants.

LOS ANGELES COUNTY FLOOD CONTROL DISTRICT, Respondent, v. HARRIET THATCHER et al., Defendants; CONSOLIDATED ROCK PRODUCTS COMPANY (a Corporation) et al., Appellants.

LOS ANGELES COUNTY FLOOD CONTROL DISTRICT, Respondent, v. MATHILDA HAACK et al., Defendants; CONSOLIDATED ROCK PRODUCTS COMPANY (a Corporation) et al., Appellants.

LOS ANGELES COUNTY FLOOD CONTROL DISTRICT, Respondent, v. CONSOLIDATED ROCK PRODUCTS COMPANY (a Corporation) et al., Appellants.

Latham & Watkins, Hill, Morgan & Bledsoe, Vincent Morgan and Stanley S. Burrill for Appellants.

J. H. O'Connor, County Counsel, and Roy W. Dowds, Assistant County Counsel, for Respondent.

WOOD (W. J.), J.—Four actions, which were consolidated for trial, were commenced by Los Angeles County Flood Control District, on August 8, 1938, and subsequent dates to acquire by condemnation proceedings lands for the purpose of constructing and maintaining a dam and reservoir for the control and conservation of storm waters. Defendants were the owners of the fee or leasehold interest in the property sought to be condemned. Shortly after the actions were filed plaintiff took possession of the properties under court orders made by the court pursuant to the provisions of section 14, article I of the Constitution of California. The actions were brought to trial and judgments rendered in favor of the defendants for various sums. It is contended on this appeal that the trial court erred in refusing to allow interest on the awards from the date on which possession was taken by plaintiff to the date of the trial.

From the bill of exceptions it appears that it was stipulated by the parties that "the only issues to be submitted to the jury were (1) the market value, as of November 13, 1939,

being the date of the trial of said cause of action, of the parcels of land, the fee of which was being condemned . . . (2) the severance damage, if any, caused by the taking of said parcels . . . (3) the market value as of November 13, 1939 . . . of the rock and gravel leases . . . (4) the severance damages, if any, to the remainder of said leases. . . . '' From the bill of exceptions it also appears that ''all of the issues presented by the trial of the above entitled consolidated causes were tried by the court except the issues hereinbefore recited which were tried by the jury.'' After the verdict had been returned fixing the values in accordance with the issues submitted to them under the stipulation of the parties and before final submission of the cause, the defendants presented a motion to the trial court asking that, as just compensation for the taking of immediate possession of the properties, there be included in the judgment interest at the legal rate from August 17, 1938, this being the date upon which plaintiff commenced the construction of the dam. It is claimed that, although possession was taken of some of the parcels at later dates, all of the parcels became of no value to defendants when the construction was started on the dam. This motion was denied.

The interlocutory judgment was filed on February 15, 1940. In the following December the Supreme Court returned its decision in *Metropolitan Water District* v. *Adams*, 16 Cal. (2d) 676 [107 Pac. (2d) 618]. The decision in the Metropolitan Water District case, in which the issues were substantially the same as the issues in the present action, is determinative of the question now before the court and makes necessary a modification of the judgment.

In the Metropolitan Water District case immediate possession was taken of the land sought to be condemned. The jury found the value of the property sought to be condemned as of the date of trial. The trial court instructed the jury that, in addition to fixing the value of the land it could allow interest at the rate of 7% per annum from the date of the taking of possession of the land to the date of the entry of the judgment and the jury thereupon, in accordance with this instruction, added interest for the amounts found as to value. The Supreme Court affirmed the judgment based upon the jury's verdict and, after referring to the constitutional provision to prevent taking or damaging of private property for public use without just compensation, observed: ''There can

be no question, we think, that just compensation for the taking of respondents' property includes not only the actual cash value, or market value of said property, but also the actual cash value of the use of said property from the date of the taking possession thereof up to the date of judgment, if possession is taken by the condemnor prior to judgment. The damage for the taking of said property in the present case, in pursuance of section 1249 of the Code of Civil Procedure, was fixed as of the date of trial, at its then actual value. Had plaintiff not taken possession of said property prior to the trial of said action, respondents' damage would still have been fixed at the actual value of said property at the date of trial—the same as if no prior possession had been taken by appellant. There should be some means or method of procedure, if we are to comply with the constitutional requirement that just compensation be paid to the owner for the taking of his property, whereby compensation for its use prior to the judgment is paid to him . . . Legal interest is frequently accepted as the basis for fixing the measure of damages.'' The court quoted from the decisions in several federal cases in which similar rulings had been made.

Plaintiff argues that in the Metropolitan Water District case ''the court further erroneously followed the Federal cases, which are not in point, due to the difference in the federal law and the state law relative to eminent domain.'' It is claimed that the difference between the federal law and the California law lies in the fact that a jury trial may be waived in California and the further fact that under the federal law title vests when possession is taken of the land. Defendants do not concede that there is any substantial difference between the federal law and the California law. If in fact a distinction may be made between the federal law and the California law, it is a distinction without a substantial difference, for the same fundamental principles are applicable. From the date on which plaintiff took possession of defendants' property defendants were deprived of the use of the property. If they are to be compensated justly they should not be compelled to wait to the date of trial, at some uncertain time in the future, for the receipt of the sum to be awarded as the value of the property on the trial date without compensation for the period in which they had neither the property nor the sum awarded as its value.

■ Plaintiffs further argue that the burden of proof was upon defendants to present evidence of the value of the use of the property between the dates of the taking of immediate possession and of trial and they assert that no evidence on this point was presented to the jury. Defendants point out, however, that an examination of the record in the Metropolitan Water District case discloses that ''there was absolutely no testimony in the Metropolitan Water District case, as to said 'value of the use' during the period the plaintiff in that case had immediate possession prior to the date of trial.'' The decision in that case disposes of the issue of the burden of proof.

The trial court is directed to add to the judgment heretofore returned a finding and order that the defendants are entitled to interest at the rate of 7% per annum upon the respective amounts found by the jury as the market value of the respective parcels of land or of defendants' interest therein sought to be condemned and the respective amounts found by the jury as severance damage, from the dates on which possession was taken of the respective parcels to the date of the payment of the awards.

As so modified the judgment is affirmed. Appellants to recover costs on appeal.

Moore, P. J., concurred.

Mr. Justice McComb deemed himself disqualified and took no part in the consideration or decision of this case.