[Civ. No. 16742.   First Dist., Div. One.   Sept. 25, 1956.]

THE CITY OF SAN RAFAEL, Respondent, v. HUGH C. WOOD et al., Appellants.

*Assigned by Chairman of Judicial Council.

Julius H. Selinger for Appellants.

Harold Jos. Haley, City Attorney, Harold F. Wolters and John D. Rogers, for Respondent.

PETERS, P. J.—The city of San Rafael condemned a portion of certain properties owned by defendants. The taking of the property resulted in injury to the properties retained by defendants. The trial court awarded defendants $1,280 for the property taken, plus interest, and $16,000 severance damages, without interest. Defendants appeal, on the clerk's transcript, from that portion of the judgment that failed to award interest on the severance damages.

On July 2, 1951, the city of San Rafael brought an action to condemn certain real property and certain water rights connected therewith belonging to defendants. The purpose of the condemnation was to erect and maintain a drainage pumping plant. The parcel of land condemned was a part of a larger parcel occupied and used by defendants for the purpose of operating a yacht harbor and a yacht sales business.

On July 5, 1951, the city secured an order for immediate possession of the property and actually went into possession under this order on November 5, 1951. On this date the city began construction on the condemned parcel of a concrete sump on which was constructed electric automatic pumps as part of a large pumping plant. By reason of the construction of the pumping plant a large quantity of silt was deposited in the yacht harbor which materially and adversely interfered with the use by defendants of their remaining properties.

The condemnation proceeding, through no fault of the defendants, did not come to trial until November 9, 1954. The

trial resulted in a determination that $1,280 was the fair market value of the condemned parcels, and that the severance damages, together with the uses to which the condemned parcel has been and shall be put, amounted to $16,000.

On February 17, 1955, judgment was entered condemning the property and awarding to defendants, $1,280 as and for the reasonable value of the property condemned, with interest at 7 per cent from November 5, 1951, the date of the taking, and awarding to defendants, as severance damages, and because of the uses to which the property has been and shall be put, and for interference with defendants' use of the larger parcel since November 5, 1951, the sum of $16,000, without interest. The city has deposited in court the amount called for by this judgment. Defendants have appealed from that portion of the judgment failing to award interest from November 5, 1951, on the $16,000 severance award.

The legal principles applicable to the problems involved on this appeal are well settled. Code of Civil Procedure, section 1249, fixes the time at which the value of condemned property and the damages flowing from such taking are to be fixed. So far as pertinent here, that section provides: "For the purpose of assessing compensation and damages the right thereof shall be deemed to have accrued at the date of the issuance of summons and its actual value at that date shall be the measure of compensation for all property to be actually taken, and the basis of damages to property not actually taken but injuriously affected . . . provided, that in any case in which the issue is not tried within one year after the date of the commencement of the action, unless the delay is caused by the defendant, the compensation and damages shall be deemed to have accrued at the date of the trial. . . ."

In the instant case, through no fault of the defendants, the trial was not had until three years and four months after the commencement of the action. As a result, the damages, under the quoted section, are computable as of "the date of the trial." This is true even though the condemner, as in the instant case, took possession of the condemned property prior to trial. (*City of Los Angeles* v. *Tower*, 90 Cal.App.2d 869 [204 P.2d 395].)

Under the Constitution of this state, article I, section 14, private property cannot "be taken or damaged for public use without just compensation having first been made to, or paid into court for, the owner."

Where, as in the instant case, the condemner secures

an order for immediate possession, the condemnee is entitled to compensation for the loss of use of the property from the date of possession to the date of trial, even though the value of the property, under section 1249, is fixed at the time of trial. Where the value of such use is not included in the judgment, the condemnee is entitled to interest from the date of taking in lieu of the value of such use. The leading case on this subject is *Metropolitan Water Dist.* v. *Adams,* 16 Cal.2d 676 [107 P.2d 618], where the court (p. 680), concluded: ''There can be no question, we think, that just compensation for the taking of respondents' property includes not only the actual cash value, or market value of said property, but also the actual cash value of the use of said property from the date of the taking possession thereof up to the date of judgment, if possession is taken by the condemner prior to judgment. . . .

''There should be some means or method of procedure, if we are to comply with the constitutional requirement that just compensation be paid to the owner for the taking of his property, whereby compensation for its use prior to the judgment is paid to him. . . .

''. . . Legal interest is frequently accepted as the basis for fixing the measure of damages. . . .

''. . . The value of respondents' property at the date of trial, whether less or more, was the measure of respondents' damage for the taking of their property, but it did not cover respondents' damage for being deprived of the use of said property prior to judgment. In our view of the merits of this appeal, we are of the opinion that interest was properly allowed under the facts of this case.'' (See also *Los Angeles County Flood Control Dist.* v. *Hansen,* 48 Cal.App.2d 314 [119 P.2d 734]; *Heimann* v. *City of Los Angeles,* 30 Cal.2d 746 [185 P.2d 597]; *Sacramento etc. Drainage Dist.* v. *Truslow,* 125 Cal.App.2d 478 [270 P.2d 928, 271 P.2d 930].)

It should be noted that section 1249 of the Code of Civil Procedure provides, in part, for interest from the date of the order letting the condemner into possession. That portion of the section is here inapplicable because it relates only to possession taken under section 1254 of the Code of Civil Procedure, that is, possession taken after judgment. (*Metropolitan Water Dist.* v. *Adams,* 16 Cal.2d 676, 678 [107 P.2d 618]; *City of Los Angeles* v. *Tower,* 90 Cal.App.2d 869, 872 [204 P.2d 395].)

Appellants argue that the damage to their retained properties by the deposit of silt and the turbulence of the

waters caused by the construction of the pumping plant commenced on November 5, 1951, when respondent took possession of the condemned property. Therefore, so it is argued, they are entitled to interest from that date as compensation for the "use" of the property involved in the severance damages. Respondent concedes, and it is clearly the law, that appellants are entitled to compensation for the loss of the "use" of the property involved in the severance damages, and that compensation for such loss of use must be computed starting November 5, 1951. But respondent contends that such compensation for such loss of use is not necessarily interest.

The proper rule is that the trial court must ascertain the actual loss caused by such loss of use from the date of possession to the date of judgment, and then such sum should be included in the severance damages. Interest may be used as a measure of such loss, but it is only awarded when the actual loss has not been fixed. (*Metropolitan Water Dist.* v. *Adams*, 16 Cal.2d 676 [107 P.2d 618], and *Los Angeles Flood Control Dist.* v. *Hansen*, 48 Cal.App.2d 314 [119 P.2d 734].)

Respondent next argues that the findings, conclusions, and judgment in the instant case demonstrate to a certainty that included in the award of $16,000 severance damages was an award for loss of the "use" of the property involved from the date of possession to the date of judgment, as well as an award for future damages after judgment.

Thus, the real question involved is not a dispute over the law, but the proper interpretation of the findings, conclusions and judgment. In interpreting these declarations of the trial court the provisions of section 1249 of the Code of Civil Procedure, above quoted, must be kept in mind. Under that section, in the instant case, the trial court had to assess compensation and damages as of the date of trial.

Finding XII reads as follows: "That by reason of the severance of said Parcel One [the condemned parcel] from said larger parcel of land, together with the use and uses *which have been and shall be made* by plaintiff of the said Parcel One, the remainder of said property of the defendants *has suffered* a diminution of value in the sum of Sixteen Thousand ($16,000.00) Dollars." (Italics added.)

The pertinent conclusion of law is: "That the defendants . . . are entitled to judgment against the plaintiff for damages in the sum of Sixteen Thousand ($16,000.00) Dollars, which sum represents the diminution in value of the entire parcel of defendants' land after the taking and condemning of the

said Parcel One hereinafter described, plus interest on the foregoing sum of One Thousand Two Hundred Eighty ($1,280.00) Dollars from and after November 5, 1951, at the rate of 7% per annum, the same being the date of taking, and *which sums represent the total damage suffered by defendants by reason of the condemnation and the severance of said Parcel One, the uses to which said Parcel One has been and shall be put, the use of said Parcel One by condemner since November 5, 1951, and the interference with defendants' use of said remaining property from and after November 5, 1951."* (Italics added.)

The pertinent provisions of the judgment are: "2. That defendants are entitled to interest on the foregoing sum of Twelve Hundred Eighty and 00/100 ($1,280.00) Dollars, from and after November 5, 1951, the same being the date of taking, until final judgment herein, at the rate of seven (7%) per cent per annum, as and for damages for the deprivation by plaintiff of defendants' use of said parcel taken for said period;

"3. That the said parcel taken is a part of a larger parcel of land owned by defendants and that by reason of the severance of said parcel taken from said larger parcel, *and the uses to which said parcel taken have been and shall be put, and the interference with defendants use of said larger parcel from and after November 5, 1951,* defendants are hereby awarded damages in the sum of Sixteen Thousand and 00/100 ($16,000.00) Dollars." (Italics added.)

It is too clear to require further comment that by these declarations the trial court fixed, as of the date of judgment, the total severance damages suffered by appellants and awarded for all such damages the total sum of $16,000. This was compensation not only for future damages caused by the severance, but for interference with their use of the property from the date possession was taken. The trial court could hardly have used clearer language to express this intent.

One of appellants' contentions seems to be that their damages accrued on the date possession was taken, and that the trial court fixed the damages at that date. If this were so, they probably would be entitled to interest on the $16,000 from the date of possession. But this is not what is required by section 1249 of the Code of Civil Procedure, is not in accordance with the law as set forth in *City of Los Angeles* v. *Tower,* 90 Cal.App.2d 869 [204 P.2d 395], and is not what

the trial court did. The trial court first determined, in accordance with the law, that at the time of judgment the value of the property taken was $1,280, and allowed interest from the date of possession for the loss of the use of such property, and then determined, in one sum, the loss of the ''use'' or damage caused by interference with the use of the retained property from the date of possession and future damages. This is in precise accord with the law as set forth in the code and in the cases.

Appellants also seem to argue that, admitting that the damages included an award for interference with their use of the retained properties from the date of possession, they are nevertheless also entitled to interest because from the date of possession to the date of judgment they did not have the full use of their property, nor of the money awarded to them. But, as already pointed out, the $16,000 award purported to include damages, fixed as of the time of judgment, for the full loss of use from the date of possession, as well as damages for all future losses.

The portion of the judgment appealed from is affirmed.

Bray, J., and Wood (Fred B.), J., concurred.