[S. F. No. 19572. In Bank. Oct. 11, 1956.]

SOUTHERN PUBLIC UTILITY DISTRICT, Appellant, v. JEAN J. SILVA et al., Respondents.

John A. Nejedly and King Crosno for Appellant.

Gilbert Harelson, City Attorney (La Mesa), and Jennings, Engstrand & Henrikson as Amici Curiae on behalf of Appellant.

Breed, Robinson & Stewart and Popper & Burnstein for Respondents.

McCOMB, J.—This cause was transferred to this court after decision by the District Court of Appeal, First Appellate District, Division One. Upon further examination of the record, we adopt the opinion of that court prepared by Mr. Justice Wood (Fred B.), with such omissions and additions as hereinafter appear, as and for the decision of this court. As modified, it reads:

In this proceeding in eminent domain judgment was rendered authorizing the plaintiff to acquire certain improvements and rights of way for its sewer system upon payment of

$62,000 and interest to defendant Scherer-Hobart Company. Neither party appealed.

Within 30 days from the date of the judgment, plaintiff filed an affidavit pursuant to section 1251 of the Code of Civil Procedure, declaring that to provide money necessary to pay the award, bonds of the district must be issued and sold. That, of course, extended to one year from the date of the judgment the period of time within which to pay the award.

Six months later (nearly seven months after the date of the judgment) plaintiff filed a notice declaring that it ''hereby abandons the proceeding on file herein,'' and moved for an order of abandonment and for judgment dismissing the proceeding. This motion was denied and plaintiff has appealed from the order of denial.

■ The order must be affirmed. The purported abandonment was without authority in law. It came too late. [The time for appeal, motion for a new trial, or a motion to vacate the judgment had passed.][1] The applicable statute authorizes a plaintiff to ''abandon the proceedings at any time after filing the complaint and before the expiration of thirty days after *final judgment*.'' (Code Civ. Proc., § 1255a.) [Italics added.]

[The term ''final judgment'' as used in section 1255a of the Code of Civil Procedure means a judgment when all possibility of direct attack thereon by way of (1) appeal, (2) motion for a new trial, or (3) motion to vacate the judgment, has been exhausted. (Code Civ. Proc., § 1264.7.) Any statements to the contrary in *City of Los Angeles* v. *Deacon*, 3 Cal.2d 641 at 648 [2] [46 P.2d 165], are overruled; likewise, contrary statements in *City of Los Angeles* v. *Aitken*, 32 Cal. App.2d 524 at 528 [2] et seq. [90 P.2d 377], are disapproved.]

■ Plaintiff's main argument is that sections 1251 and 1255a are to be read together, with the result, it claims, that extension of the time within which to pay (by filing the affidavit sanctioned by § 1251) extends the time within which to abandon (by filing the affidavit prescribed by § 1255a).

There is no such interlacing of the provisions of these two sections. They deal with different subjects (payment and abandonment, respectively) and have different purposes and objectives. Section 1251 has been in the code ever since

---

[1]Brackets enclosing material (other than editor's added parallel citations) are used to denote insertions or additions by this court.

1872. Originally, it prescribed 30 days after final judgment as the period of time within which the condemnor must pay the sum of money assessed, without any provision for extension of that period. Commencing in 1911 (Stats. 1911, ch. 80, p. 92) the section has been amended from time to time to provide, as it now does, that this 30-day period may be extended to enable the raising of money by issuing bonds if the state or a public corporation is the condemnor. '

In January of 1911, the decision in *Southern Pac. Co.* v. *Reis Estate Co.*, 15 Cal.App. 216 [114 P. 808, 810], was rendered in which the court stated that a condemnor ''is entitled to abandon the claim to the property and ask a dismissal before the expiration of thirty days from the entry of the judgment'' (p. 218) and held that in such a case the costs to which the condemnee was entitled did not include ''necessary and reasonable expenses in preparing for and defending this action'' (p. 217), such as expenses incurred for ''surveying and engineering work and maps and . . . attorney's fees'' (p. 218). By a legislative bill introduced and passed that session and approved by the governor March 17, 1911, the Legislature added section 1255a to the code, using therein language so similar to that used by the court in the case cited that it is a fair inference that the Legislature had that decision before it and was considering solely the subject of abandonment and costs upon abandonment and was not considering any other subject such as the time within which an award must be paid by a condemnor as prescribed in section 1251. []²

[The judgment of the award to the defendant had become final.

The extension, from 30 days to one year, of the time within which the plaintiff must pay the award is for the convenience of the plaintiff in seeking to obtain the money through the medium of a bond issue. Its obligation to pay is fixed and is not subject to diminution or modification by the lapse of time.]

██ Plaintiff makes an additional argument based upon that provision of section 1255a which declares that ''failure to comply with section 1251 of this code shall constitute an implied abandonment of the proceeding.'' That simply means that if the condemnor (not having abandoned within the time limited therefor by section 1255a) fails to pay the

---

²[] Brackets together in this manner are used to indicate deletions from the opinion of the District Court of Appeal.

amount of award (either directly to the defendant or by deposit in court for his benefit) within the time limited therefor, the condemnee has the option of enforcing the judgment as best he may or of treating such nonpayment as an implied abandonment. It would be unreasonable to ascribe to the Legislature, as plaintiff would have us do, an intent to authorize voluntary abandonment not later than 30 days after entry of judgment and then give the condemnor the privilege of treating his own default as an abandonment, especially in view of the remedies accorded the condemnee by the provisions of section 1252 of the Code of Civil Procedure when the condemnor fails to pay within the time required.

The order appealed from is affirmed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.