[Civ. No. 22052. Second Dist., Div. One. Nov. 8, 1956.]

THE PEOPLE, ex rel. Department of Public Works, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, Real Party in Interest.

George C. Hadley, R. B. Pegram, John N. McLaurin and Thomas M. Dankert for Petitioner.

Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Assistant County Counsel, for Respondent.

Holbrook, Tarr, Carter & O'Neill, W. Sumner Holbrook, Jr., and Francis H. O'Neill for Real Party in Interest.

NOURSE (Paul), J. pro tem.*—Petitioner here is the plaintiff in an action by which it sought to condemn for highway purposes the title in fee simple to the upper 100 feet of an unimproved parcel of real property situate in the county of Los Angeles, which was the property of the Bank of America, real party in interest here.

By the answer filed to the petitioner's complaint in the condemnation action, the only issues of fact joined were the value of the property sought to be taken and the severance damage caused by the taking. These issues were submitted to a jury, which by its verdict found that the fair market value of the property taken was $111,930 and that the damage to the property, of which the parcel taken was a part, was in the sum of $31,114—or a total sum of $143,044.

On February 7, 1955, judgment in condemnation was entered by which it was decreed that upon the payment into court for the benefit of the Bank of America of the sum of $143,044 "there shall be condemned in fee to plaintiff" the real property hereinbefore referred to. On April 2, 1955, plaintiff filed its notice of appeal from the judgment awarding the sum of $143,044 to the bank.

Upon the appeal judgment was affirmed, and on August 10, 1956, the remittitur of the appellate court was filed with the clerk of the superior court. (*People* v. *S. & E. Homebuilders, Inc.*, 142 Cal.App.2d 105 [298 P.2d 53].)

On August 20, 1956, petitioner deposited with the County Clerk of the County of Los Angeles for the benefit of the bank the sum of $144,038.49, consisting of the principal sum of the judgment plus the bank's cost on appeal in the

*Assigned by Chairman of Judicial Council.

686

sum of $994.49. Petitioner then moved the respondent court to sign and enter a final order of condemnation. This motion was resisted by the bank upon the ground that petitioner was not entitled to a final order of condemnation until petitioner had deposited with the clerk of the court not only the principal amount of the judgment plus the costs on appeal, but also interest upon the principal amount of the judgment.[1] Respondent court sustained the bank's objections and denied petitioner's motion solely upon the ground that the amount deposited by petitioner was insufficient inasmuch as it did not include interest upon the amount awarded by the judgment. Petitioner here seeks a writ of mandate directing the respondent court to sign and enter the final order of condemnation.

The parties to this proceeding agree that if the bank was entitled to interest upon the principal of the judgment, the writ sought here should be denied, but that if it was not entitled to interest, the writ should be granted. Therefore, the sole question presented here is, "Was the petitioner liable for interest upon the principal of the judgment?"

While petitioner states its reason for the contention that the judgment does not bear interest in several different ways, the gist of its argument is that the judgment in condemnation is not a personal judgment for the payment of money but only a judgment fixing a price at which the condemner may acquire the property, and therefore fixes no principal sum to which interest can be an incident. Petitioner grounds its contention on sections 1251, 1255a, and 1264.7 of the Code of Civil Procedure.

In substance section 1251 provides that the plaintiff in condemnation must, within 30 days after final judgment, pay the sum of money assessed by the judgment; except that where it appears by affidavit that bonds of the condemning agency must be issued and sold in order to pay the sum assessed, then the judgment may be paid at any time within one year. Section 1255a provides in substance that the plaintiff may abandon the proceedings at any time after filing the complaint and before the expiration of 30 days after final judgment, but upon such abandonment judgment shall be

---

[1]No order of possession was issued in the course of the condemnation proceeding and there was no physical taking of the possession of this unimproved parcel of land by petitioner, but the Bank has remained in physical possession thereof. Petitioner did not prove nor offer to prove on the hearing of the motion that the Bank had received any rents or profits from the land after the entry of the judgment.

entered dismissing the proceedings and awarding the defendant his costs and disbursements including all necessary expenses and reasonable attorney's fees. Section 1264.7 defines the words *judgment* and *final judgment*. It defines *judgment* as meaning the judgment determining the right to condemn and fixing the amount of compensation to be paid; and the term *final judgment* as ''such judgment when all possibility of direct attack thereon by way of appeal, motion for a new trial, or motion to vacate the judgment has been exhausted.''

It is petitioner's contention that as under section 1264.7 there was no final judgment during the time that the action was pending by reason of its appeal from the judgment, both its right to pay the judgment and its right to abandon the proceedings were extended to 30 days after the filing of the remittitur from the appellate court affirming the judgment, and that until the expiration of that time the defendant, real party in interest here, had no enforceable rights under the judgment and therefore it did not create any liability on the part of petitioner, and that the right to interest could not attach until the expiration of that 30-day period.

There is no doubt that petitioner is correct in its contention that the time within which it might pay the judgment did not expire until 30 days after the filing of the remittitur affirming the judgment, and that it is also correct in its contention that it might abandon the proceeding at any time prior to the expiration of 30 days from the filing of the remittitur. (*Southern Public Utility Dist.* v. *Silva*, 47 Cal.2d 163 [301 P.2d 841].) It does not follow, however, that the judgment does not have the characteristics of a money judgment to which the right to interest will attach. ■ A judgment in condemnation is a final judgment within the meaning of section 963, Code of Civil Procedure, from which either party may take an appeal. (*California S.R.R. Co.* v. *Southern P.R.R. Co.*, 67 Cal. 59 [7 P. 123]; *Lincoln Northern Ry. Co.* v. *Wiswell*, 8 Cal.App. 578 [97 P. 536].) ■ It lacks finality, however, in the sense that when an appeal is taken the action remains pending (Code Civ. Proc., § 1049), and its effect as a judgment suspended until the appeal is disposed of by the filing of the remittitur from the appellate court. ■ When it is affirmed on appeal it is the judgment as entered in the trial court which fixes and determines the rights of the parties.

■ The provisions of section 1251, Code of Civil Procedure, do not affect the finality of the judgment. The effect

of its provisions are merely to grant a statutory stay of execution, for upon the expiration of the periods of time fixed by the section the defendant may have execution. (Code Civ. Proc., § 1252; *Vallejo etc. R. R. Co.* v. *Reed Orchard Co.*, 177 Cal. 249, 251 [170 P. 426]; *City of Los Angeles* v. *Aitken*, 32 Cal.App.2d 524, 529 [90 P.2d 377].) ■ The obligation on the part of the condemner to pay the amount of the award is fixed by the judgment and "is not subject to diminution or modification by the lapse of time," whether that period of time be the 30-day period or the one-year period mentioned in the section (*Southern Public Utility Dist.* v. *Silva, supra,* at p. 160.)

When the judgment entered on February 7, 1955, was affirmed and the remittitur of the appellate court filed, that judgment finally determined the rights of the parties to the subject action. It was by the provisions of that judgment that petitioner attained the right to take the property in question, and it was by that judgment that the bank had the right to receive its compensation for the property taken. It is true that the defendant's right to receive its fruits from the judgment were subject to be defeated by the occurrence of a condition subsequent—that is, the exercise by the plaintiff of its right to abandon the proceeding under the provisions of section 1255a. But when the time within which that privilege might be exercised elapsed, or the right to exercise the privilege was waived by the plaintiff's asserting the rights granted it by the judgment, the defendant's right became absolute and sprang not from the failure of the plaintiff to exercise its privilege but from the judgment. In other words, the judgment from its inception gave the defendant the right to receive the amount awarded to it and the plaintiff in the action the right to take the property, and to this judgment the right to receive interest and the obligation to pay interest attached as it would attach to any other money judgment; and it was the obligation of this judgment —that is, the obligation to pay principal plus interest—that the plaintiff, petitioner here, was given the right to avoid and to assume a new and different obligation, by section 1255a of the Code of Civil Procedure. When petitioner waived the right or privilege granted to it by section 1255a, that section ceased to have any effect and the situation then was no different than if the right or privilege had never existed.

Petitioner cites and relies upon the decision of the District Court of Appeal in *Colusa etc. R. R. Co.* v. *Superior Court,*

31 Cal.App. 746 [161 P. 1011], in which it was held that prior to the expiration of the time within which the plaintiff in condemnation might pay the judgment pursuant to the provisions of section 1251, Code of Civil Procedure, that the judgment amounted to no more than one fixing the price at which the plaintiff, condemner, might or might not take the property.

We do not believe that that decision is controlling here. There the court had for determination the question as to whether or not an appeal taken by the condemner during the 30-day period tolled the running of the 30 days within which the condemner might pay the judgment rendered. The court was not considering the question here presented—to wit, the right of the condemnee to interest after the judgment became final and after the condemner had waived its rights under section 1255a. Rather we think the matter here is controlled by the decision of the Supreme Court in *Vallejo etc. R. R. Co.* v. *Reed Orchard Co., supra.* In this case the condemner had been awarded a judgment condemning the land of the defendant, which judgment awarded the defendant damages in a very substantial amount. After the judgment was rendered the defendant paid into court the full amount of the judgment plus the sum of $25,000 to cover further damages and costs, and was permitted to take possession of the property. From this judgment the defendant appealed, and upon the judgment being affirmed sought to have awarded to it not only the principal amount of the judgment but interest thereon. In holding that the deposit made by the plaintiff into court for the benefit of the defendant operated as the tender of the payment of *an obligation* and therefore discharged the obligation and stopped the running of interest, the Supreme Court said:

"In such proceedings the award constitutes a judgment in favor of defendant and against the plaintiff for the amount thereof, payment of which, unless the proceeding within the time be abandoned by plaintiff as provided in section 1255a of the Code of Civil Procedure, shall be made within thirty days after final judgment (Code Civ. Proc., § 1251), and in the absence of such payment of the money awarded or deposit thereof made in court, defendant may have execution to enforce the judgment as in civil cases. (Code Civ. Proc., § 1252.) In this respect the rights of defendant are substantially identical with those of a plaintiff recovering a money judgment against a defendant in a civil action."

■ Petitioner asserts that section 22 of article XX of the Constitution of this state does not give the right to interest on a money judgment unless that judgment is based upon a loan or forbearance of money, goods or things in action, or on accounts after demand. It bases this contention upon the omission of the article *a* before the word *judgment* in the section.[2]

While a literal construction of the constitutional amendment as it is worded gives color to petitioner's argument, a consideration of the statutory provisions for interest which have existed for over sixty years, and the effect of section 22, article XX, of the Constitution upon the statute fixing the right to interest and the rate of interest upon judgments, makes it clear that petitioner's contention is not sound. Under the Practice Act and prior to the adoption of the codes, interest was allowed upon judgments although not allowed at common law. From 1874 until the adoption, through the initiative, of the Usury Act (Deering's General Laws, Act 3757), section 1290 of the Civil Code provided for the payment of interest on judgments at the rate of 7 per cent per annum. This section was repealed by the Usury Act, and the first section of *that act* provides that "the rate of interest upon the loan or forbearance of any money . . . or judgments . . . shall be seven dollars upon the one hundred dollars for one year" but that the parties may contract for a rate not to exceed 12 per cent per annum. In 1934 section 22 of article XX was adopted. The effect of this section was not to repeal the Usury Act except insofar as that act was in conflict with the provisions of section 22. (*Penziner* v. *West American Finance Co.*, 10 Cal.2d 160, 173 [74 P.2d 252]; *Nuckolls* v. *Bank of California*, 10 Cal.2d 278 [74 P.2d 271].) The first paragraph of this section deals with the same subject-matter as does section 1 of the Usury Act, and its only effect upon section 1 was to reduce the rate of interest that may be fixed by contract from 12 to 10 per cent. Otherwise the provisions of section 1 of the act and the first paragraph of the constitutional provision are wholly consistent (*Penziner* v. *West American Finance Co., supra,* at p. 173.) The Bank's right to interest upon the judgment, therefore, is granted not only by the provisions of the Constitution but by those of the Usury Act.

It would not be rational to hold that by reason of the

---

[2]The section is misquoted and the article *a* supplied in *City of Los Angeles* v. *Aitken, supra.*

slight change in phraseology between the wording of section 1 of the Usury Act and paragraph 1 of the constitutional provision it was intended to take away the right to interest upon any judgment other than one founded upon a contract, express or implied.

■ Irrespective, however, of the question of whether the judgment of condemnation here is a money judgment to which interest attaches as an incident, it seems to us that petitioner was not entitled to have its motion granted without offer of compensation to the Bank for the damage sustained by it due to the delay in paying the judgment, and that in the absence of any other evidence the respondent court properly adopted the legal rate of interest as the measure of that damage. (*Metropolitan Water Dist.* v. *Adams,* 16 Cal.2d 676, 678 [107 P.2d 618].)

Petitioner was not entitled to take the defendant's property except upon the payment of just compensation.

The judgment fixed the just compensation to which the Bank was entitled as of the time of the entry of judgment, and the amount awarded by it did not include compensation for any further damage that might be sustained. While the entry of the judgment did not, in and of itself, operate to vest title in petitioner or give it the right to immediate entry, it effectually took from the bank many elements which gave value to the land. After the entry of the judgment the bank could not rent or sell the land except subject to the right of petitioner to take it at will; it could not improve it without in effect dedicating the improvement made to petitioner. The result is that payment being delayed, the bank had neither use of the money to which it was entitled nor full use of the property which petitioner, under the judgment, had the right to take. To hold that petitioner would have the right, by an appeal, to delay the payment of the price fixed for the land and then exercise its right to take without compensating the bank for the damage suffered by it through the delay, would be to deprive the bank of the right granted to it by article I, section 14, of the state Constitution. ■ To paraphrase the language of Mr. Justice Frankfurter in *United States* v. *Dickinson,* 331 U.S. 745 [67 S.Ct. 1382, 91 L.Ed. 1789, 1794], section 14 of article I of our state Constitution, as well as the Fifth Amendment to the federal Constitution, express a principle of fairness and not a technical rule of procedure; yet if we support petitioner's contention here we deprive the

bank of just compensation by slavish adherence to technical rules of procedure.

Petitioner argues, however, that the bank was fully recompensed for the damage suffered by the delay in payment because it had the right to use the land even though it had no real right to rent, sell, or improve it. This contention is fully answered by the decision of the District Court of Appeal in *City of Los Angeles* v. *Aitken, supra,* at pages 533-535; and it would be surplusage for us to repeat here what is said there. It is sufficient to say that on the hearing of petitioner's motion for the entry of final judgment it made no showing, nor did it offer to show, that the bank had received any rents, issues, or profits from the land after the entry of the decree of condemnation.

The peremptory writ of mandate prayed for is denied.

White, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied November 29, 1956, and petitioner's application for a hearing by the Supreme Court was denied January 4, 1957.