[Civ. No. 22639. Second Dist., Div. Two. Mar 28, 1958.]

COUNTY OF LOS ANGELES, Respondent, v. CARROLL W. C. LORBEER et al., Appellants.

Clyde E. Holley and Milnor E. Gleaves for Appellants.

Harold W. Kennedy, County Counsel (Los Angeles), Richard A. Del Guercio and A. R. Early, Deputy County Counsel, for Respondent.

Edmund G. Brown, Attorney General, Walter S. Rountree, Assistant Attorney General, Lester Ziffren and Henry K. Workman, Deputy Attorneys General, as Amici Curiae on behalf of Respondent.

ASHBURN, J.—Appellants were awarded $97,700 as compensation for taking their property in this eminent domain proceeding. The interlocutory judgment was entered on January 11, 1957, and payment of the award was made 45 days later, without interest. Appellants claim they were and are entitled to interest at 7 per cent from the entry of the judgment to the date of payment, a sum of $843.30. A motion was made to that end; the plaintiff county opposed it, taking the position that appellants were entitled to interest for only the last 15 days of the period of delay in making payment. The trial judge ruled with plaintiff, holding that it is liable for no interest for the first 30 days after entry of the interlocutory but is obligated to pay interest for the succeeding 15 days, and the county was ordered to pay same in the sum of $281.10. The parties have raised no objection to the procedure adopted in the lower court and there is no occasion to inquire into its sufficiency.

The defendant owners have appealed from said order, arguing that error inheres in that portion determining that "plaintiff is not liable for the payment of any interest on said interlocutory judgment in condemnation for the first thirty days after the entry thereof." Counsel for both sides agree that the propriety of that ruling presents the only question for review.

Appellants argue that an interlocutory decree of condemnation has all the qualities of an ordinary money judgment and hence interest begins to run at once, regardless of any statutory or other stay of execution. Respondent takes the position that an award in eminent domain is not an adjudication which is presently enforceable, but is a conditional pronouncement which gives the condemner 30 days within which to decide whether the price set by the court is too high and whether it will pay that price or abandon the proceeding; that until that decision has been made or the time therefor has elapsed, there is no money due the landowner, no enforceable obligation resting upon the condemner and no withholding of money from the defendant, hence no legal basis for an award of interest. Respondent concedes that where, as here, there has been no abandonment and no payment of the damages within 30 days, an obligation becomes fixed and carries interest thenceforth.

This case is not complicated by any question arising out of the taking of possession by the condemner or by any showing that defendants' continued possession yielded any rents or profits, or by any delay due to an appeal or by any affidavit for extension of time for payment pursuant to section 1251, Code of Civil Procedure.[1] An award was made; it was not paid for 45 days. Does it draw interest from date of judgment or from the date marking the lapse of 30 days after judgment? That is the question propounded by both sides. However, this statement of the problem involves an oversight concerning the time allowed the condemner for payment

---

[1]Code Civ. Proc., § 1251: ". . . In case the plaintiff is the State of California, or is a public corporation, and it appears by affidavit that bonds of said State or of any agency thereof, or of said public corporation must be issued and sold in order to provide the money necessary to pay the sum assessed, then such sum may be paid at any time within one year from the date of such judgment; provided further, that if the sale of any such bonds cannot be had by reason of litigation affecting the validity thereof, then the time during which such litigation is pending shall not be considered a part of the one year's time in which such payment must be made."
All section references point to the Code of Civil Procedure.

or abandonment, as will appear from the following discussion.

■ The immediately pertinent sections of the code contain the following provisions: Section 1251. "The plaintiff must, within thirty days after final judgment, pay the sum of money assessed. . . ." Section 1255a. "Plaintiff may abandon the proceedings at any time after filing the complaint and before the expiration of thirty days after final judgment, . . ." Section 1264.7. "The term 'judgment' as used in this title means the judgment determining the right to condemn and fixing the amount of compensation to be paid by the plaintiff. The term 'final judgment' as used in this title means such judgment when all possibility of direct attack thereon by way of appeal, motion for a new trial, or motion to vacate the judgment has been exhausted." It is now established that the last quoted section refers to the interlocutory decree, and that: "The term 'final judgment' as used in section 1255a of the Code of Civil Procedure means a judgment when all possibility of direct attack thereon by way of (1) appeal, (2) motion for a new trial, or (3) motion to vacate the judgment, has been exhausted. (Code Civ. Proc., § 1264.7.)" (*Southern Public Utility Dist.* v. *Silva*, 47 Cal.2d 163, 165 [301 P.2d 841].) ■ It was also held in that case that the filing of an affidavit under section 1251 declaring the issuance of bonds to be necessary to provide money for payment of the award, although it extends the time for payment to include a full year, does not affect the limitation upon the right to abandon, which is 30 days after final judgment as defined in section 1264.7; that an attempted abandonment made more than 30 days after the lapse of time to review the judgment was abortive because too late. ■ Normally the condemner has 60 days (rule 2(a) of Rules on Appeal) plus 30 days prescribed by section 1251, within which to pay the award, that period being enlarged in case of intervention of a motion for new trial (rule 3). In the absence of an appeal or a bond affidavit under section 1251, the time for payment and that for abandonment are coincident. ■ If an abandonment is not made within the period prescribed, payment of the award becomes immediately due (absent appeal or the like) and the judgment takes on all the qualities of an ordinary money judgment; the obligation to take the property and to pay the adjudged value has become fixed and is no longer subject to any condition. The condemner's "obligation to pay is fixed and is not subject to diminution or modi-

fication by the lapse of time.'' (*Southern Public Utility Dist. v. Silva, supra,* p. 166.) ▇ Prior to the expiration of 30 days computed according to section 1264.7 there is no withholding of money legally due to the owners, but after that time there is a retention which starts interest to running under generally recognized legal principles. ▇ In the instant case the time for appeal had not expired before payment and hence interest had not started to accrue upon the award.

▇ While the general rule seems to be that a condemnation award draws interest, either as part of just compensation or as an incident to withholding of the damages after their adjudication (see anno. in 36 A.L.R.2d at 413 et seq.), the California law has not evolved into a dogmatic rule that interest immediately follows the making of the award. During the 30 days afforded the condemner (§§ 1251 and 1255a) for contemplation of the award and the advisability of paying that amount for the property or of abandoning the project, there is no cognizable right or duty resting upon it; the award cannot be collected in any manner, nor can the plaintiff be compelled to take or pay for the property.

The Supreme Court of the United States in *Danforth* v. *United States,* 308 U.S. 271 [60 S.Ct. 231, 84 L.Ed. 240], considered the question of interest upon damages fixed in an eminent domain proceeding which was controlled by a federal statute. At page 286 it said: ''Where the condemnation is free from statutory direction, as here, there would be no interest before the taking.'' And at 284: ''No interest is due upon the award. Until taking, the condemnor may discontinue or abandon his effort. The determination of the award is an offer subject to acceptance by the condemnor and thus gives to the user of the sovereign power of eminent domain an opportunity to determine whether the valuations leave the cost of completion within his resources. Condemnation is a means by which the sovereign may find out what any piece of property will cost. 'The owner is protected by the rule that title does not pass until compensation has been ascertained and paid, . . .' ''

The same concept is expressed in *City of Los Angeles* v. *Aitken,* 32 Cal.App.2d 524 [90 P.2d 377]. While the facts of that case occurred prior to enactment of section 1264.7 and the court did not discuss that section, the reasoning upon the fundamental principles is not affected thereby; if the 30 days prescribed by section 1264.7 is substituted for 30 days

after entry of interlocutory (which was deemed the period for payment or abandonment prior to enactment of § 1264.7) the Aitken case, *supra,* is fully applicable to current condemnations; nor was this case disapproved in *Southern Public Utility Dist.* v. *Silva, supra,* 47 Cal.2d 163, 165, except as to its statement that the 30-day period runs from date of entry of interlocutory. The question under consideration was stated in Aitken, *supra,* at page 526, as follows: "The sole question to be decided upon this appeal is whether or not interest at the legal rate should be allowed upon the compensation fixed in an interlocutory decree of condemnation during the pendency of an appeal from said decree, by the condemnor, where the condemnee, during such time, has remained in possession." At page 528 *City of Los Angeles* v. *Deacon,* 3 Cal.2d 641 [46 P.2d 165], was quoted and discussed, the court saying: " 'When an interlocutory decree of condemnation is entered, the condemnor, in the absence of an appeal by the condemnee, knows how much the improvement will cost. If it decides not to abandon, but decides to appeal, it may do so. If the appeal by the condemnor is unsuccessful the condemnor has lost its right to abandon, and must pay. This rule is fair and just to all concerned.' From this it must necessarily follow that although the appeal had the effect of staying the execution, nevertheless when the time limitation mentioned in section 1255a expired, the judgment became a direct and fixed obligation, but subject to modification or reversal on appeal, as any other action. It then had the same force and effect as any other judgment for the payment of money, and the general rule with respect to the payment of interest thereon is applicable." It is further said in that opinion: "The only matter in which defendants were interested was the recovery of the amount of the judgment. Their right to *enforce* this judgment was stayed by the appeal, just as, in any ordinary damage action, execution may be stayed upon appeal. In the eyes of the law, the money was due when the thirty-day period provided in section 1255a, *supra,* expired. The mere fact that respondents were deprived of the right, during appeal, to enforce such judgment, cannot affect its legal implications and consequences, so far as interest is concerned. The plaintiffs elected to waive the right to abandon, and decided to rely upon appeal. By thus failing to abandon, within the statutory time, they in effect, conclusively bound themselves to pay the judgment in the event that no reversible error was found on appeal." (P. 529.)

"We therefore conclude that an interlocutory judgment in condemnation, where there has been no abandonment of the proceedings by the condemnor, is not merely an adjudication of a conditional liability, but becomes a 'judgment' within the meaning of section 22, article XX, of the Constitution, and that pending an appeal by the condemnor, such judgment bears interest at the legal rate from the expiration of thirty days after its entry until paid. As we have stated, this is the precise situation which is found in any ordinary action for the recovery of a money judgment, and we see no valid reason why interest upon the judgment here should not be recovered as it is recovered in other cases." (P. 531.) "Under the laws and Constitution of this state respondents were entitled to interest upon their judgment, at the legal rate, from and after the expiration of the thirty days from the entry thereof, as a portion of the just compensation for the taking. Such interest could, however, be offset by proof that the possession, pending appeal, was profitable to respondents." (Pp. 534-535.)

*Colusa etc. R. R. Co.* v. *Superior Court*, 31 Cal.App. 746, 750 [161 P. 1011] : "Moreover, it is not proper to say that the judgment under consideration is one directing the payment of money. It is rather an adjudication that upon payment of a certain sum plaintiff may acquire the property. It did not vest the title to the money in defendant nor the real property in plaintiff. It is rather a conditional award to plaintiff upon the payment of a certain price for the land. It cannot be fairly construed as creating or evidencing a present and unqualified obligation to pay any sum of money. When said judgment was rendered, plaintiff had the right to decline to take the land at the price fixed. No doubt, the payment was purposely made contingent in view of the further proceedings that were open to the parties. Thus it is provided in section 1255a that 'plaintiff may abandon the proceedings at any time after filing the complaint and before the expiration of thirty days after final judgment, by serving on defendant and filing in court a written notice of such abandonment.' It is therefore plain that plaintiff was not 'required to perform the directions of the judgment' at the time it was rendered. It could not, therefore, be enforced by a writ of execution, and it has been held that said section 942 applies only to a judgment which directs the payment of a specific amount of money and which can be directly enforced by a writ of execution."

Cases which seem to hold that an interlocutory decree in eminent domain is on an exact parity with an ordinary money judgment are not actually opposed to the views just quoted (with the possible exception of *People* v. *Superior Court,* 145 Cal.App.2d 683 [303 P.2d 628], later discussed herein), for the specific question was not before the court and was not under discussion.

*Vallejo etc. R. R. Co.* v. *Reed Orchard Co.,* 177 Cal. 249 [170 P. 426], is an outstanding example. In that instance the amount of the award was paid into court within 30 days, the court required deposit of an additional $25,000 to cover further damages and costs and made an order authorizing plaintiff to take possession. Defendant refused the award as inadequate and appealed from the judgment. After it was affirmed defendant sought an order for payment to it of the amount deposited, together with interest from the date of the order for possession; the court denied the claim for interest and defendant appealed from that order. At page 251 the court said: "[T]he sole question thus squarely presented is whether a condemnor who, after judgment of condemnation and after paying into court for the land owner the full amount of the compensation awarded, and who upon an order of court receives possession of the property condemned, must thereafter pay interest on the money so paid pending an unsuccessful appeal from the judgment prosecuted by the land owner who refuses to accept the award." It was in this connection that the opinion used the following language: "In such proceedings the award constitutes a judgment in favor of defendant and against the plaintiff for the amount thereof, payment of which, unless the proceeding within the time be abandoned by plaintiff as provided in section 1255a of the Code of Civil Procedure, shall be made within thirty days after final judgment (Code Civ. Proc., § 1251), and in the absence of such payment of the money awarded or deposit thereof made in court, defendant may have execution to enforce the judgment as in civil cases. (Code Civ. Proc., § 1252.) In this respect the rights of defendant are substantially identical with those of a plaintiff recovering a money judgment against a defendant in a civil action. In the instant case the money was paid into court for the benefit of defendant as a judgment creditor, pursuant to the provisions of section 1254 of the Code of Civil Procedure. A deposit so made for the benefit of one entitled thereto pursuant to a statute, is at least equivalent to a tender thereof.

(Lewis on Eminent Domain, 579, and cases cited.) By section 1504 of the Civil Code, the Legislature has declared that 'an offer of payment . . . duly made, . . . stops the running of interest on the obligation, and has the same effect upon all its incidents as a performance thereof.' The deposit made constituted a tender of payment, acceptance of which, however, under the provisions of section 1254 did not bar an appeal based upon the ground of inadequacy of compensation. In the *absence of some special statute applicable* to the case, the effect of the tender was . . . to 'stop the running of interest on the obligation,' pending the unsuccessful appeal." (Pp. 251-252.) The ultimate holding is stated in syllabus 2: "The contention that sections 1249 and 1254 of the Code of Civil Procedure provide a special rule under which a defendant in condemnation proceedings may refuse to accept the tender of an award made by deposit in court for his benefit, appeal from the judgment, and, upon affirmance thereof, insist upon the payment of interest on the amount pending such appeal, is without merit." (P. 249.) The observation of *City of Pasadena* v. *Stimson,* 91 Cal. 238, 250 [27 P. 604], is immediately pertinent: "[I]t is a familiar rule that expressions used in judicial opinions are always to be construed and limited by reference to the matters under consideration, and that they cannot be safely applied in their largest and most universal sense to dissimilar cases." The Vallejo decision is in keeping with the general rule stated in 36 A.L.R.2d, at page 421: "Thus, it has been held that interest will be denied where the delay in payment of the award is due to some fault of the owner."

Cases involving possession under order of court are not controlling. *Metropolitan Water Dist.* v. *Adams,* 16 Cal.2d 676 [107 P.2d 618], is such a one. It is there held that interest is not recoverable for mere delay in payment of compensation (pp. 678-679), but that it does accrue from date of possession (pp. 680-682) as part of the owner's just compensation.

*Heimann* v. *City of Los Angeles,* 30 Cal.2d 746 [185 P.2d 597]. An inverse condemnation case in which it was claimed that injury to the property was inflicted prior to any suit. Held that, as costs are part of just compensation (p. 752), interest is allowable upon the same theory (p. 758), and the right is not dependent upon any statute (pp. 758-759), but that the interest starts with the date of infliction of injury and not merely from the time of entry of judgment. The value of this case at bar is impaired by the fact that it

was not a condemnation action and its discussion related to interest as a part of the compensation for actual possession or its equivalent, the infliction of substantial physical injury.[2]

As above indicated we consider that the authorities support the conclusion that interest begins to run from the date when the right to abandon expires and the obligation to take becomes absolute. Formerly it was thought that the right to abandon expired and hence the right to receive interest accrued 30 days after entry of interlocutory (*City of Los Angeles* v. *Deacon*, 3 Cal.2d 641, 648 [46 P.2d 165], and *City of Los Angeles* v. *Aitken*, *supra*, 32 Cal.App.2d 524, 528), but these cases were disapproved in that one respect by *Southern Public Utility Dist.* v. *Silva*, *supra*, 47 Cal.2d 163, 165, which establishes that section 1264.7 governs the computation of the 30-day period.

The ruling in *People* v. *Superior Court, supra*, 145 Cal. App.2d 683, is not opposed to these views, although some of its language is not consistent therewith.[3] In that case the question was whether the owner was entitled to collect interest during the pendency of an appeal taken by the condemner and it was answered in the affirmative. The date for starting of interest is not disclosed by the opinion, doubtless due to the fact that there was no dispute between the parties in that respect. The original record shows that both parties took the position that interest, if any, dated from 30 days after entry of interlocutory judgment. There was no occasion for the court to discuss that point. It held that interest does accrue during appeal and did not attempt to fix the starting date. The point which we must decide, and the only one we dispose of, is that 45 days after the entry of the interlocutory falls short of the end of the period afforded the condemner for cogitation and therefore interest had not started to run at the time of payment of the award in the case before us.

---

[2]Other cases holding that taking possession prior to trial gives right to interest beginning with that event are: *Los Angeles County Flood Control Dist.* v. *Hansen*, 48 Cal.App.2d 314, 317 [119 P.2d 734], and *City of San Rafael* v. *Wood*, 144 Cal.App.2d 604, 607 [301 P.2d 421].

[3]On page 687 appears this statement: ''There is no doubt that petitioner is correct in its contention that the time within which it might pay the judgment did not expire until 30 days after the filing of the remittitur affirming the judgment, and that it is also correct in its contention that it might abandon the proceeding at any time prior to the expiration of 30 days from the filing of the remittitur.'' The citation of *Southern Public Utility Dist.* v. *Silva*, *supra*, in support of that statement seems to be an inadvertence for the case holds the contrary.

The foregoing discussion seems to dispose of this case except for the constitutional argument that the right to just compensation includes within it the recovery of interest upon the award during any delay in payment. Logically, the contention could go back to the date of commencement of the action, as that is the date for fixing the damages in the ordinary case (§ 1249). But the rules relating to eminent domain are not governed by pure logic, unaffected by practical considerations. "Not every depreciation in the value of the property not taken can be made the basis of an award of damages." (*People* v. *Ricciardi*, 23 Cal.2d 390, 395 [144 P.2d 799].) "On the other hand, the construction of the public improvement may involve many noncompensable factors. Generally it has been said: 'The damage for which compensation is to be made is a damage to the property itself, and does not include a mere infringement of the owner's personal pleasure or enjoyment. Merely rendering private property less desirable for certain purposes, or even causing personal annoyance or discomfort in its use, will not constitute the damage contemplated by the constitution. . . .' " (*Heimann* v. *City of Los Angeles, supra*, 30 Cal.2d 746, 756.)

Necessary attorney fees seem to be as clearly a part of just compensation as the relatively insignificant taxable court costs which must be awarded the owner as part of his compensation. (See *Heimann* v. *City of Los Angeles, supra*, p. 750.) But the holdings are to the contrary. Prior to enactment of section 1255a in 1911 the property owner was remediless in case of abandonment; he could recover neither his attorney fee nor the expenses of preparation for trial other than statutory costs. (17 So.Cal.Law Rev. 407.) Under the present section attorney fees and expenses of preparing for trial are recoverable in case of abandonment less than 40 days prior to date set for trial, but not otherwise. Although a condemnation suit may not be brought to trial for eight or 10 months and the value of the property may have increased substantially during that period, the statute requires it to be valued as of the date of the issuance of summons. The opinion in *People* v. *Superior Court, supra*, 145 Cal.App.2d 683, 691, contains these pertinent observations: "While the entry of the judgment did not, in and of itself, operate to vest title in petitioner or give it the right to immediate entry, it effectually took from the bank many elements which gave value to the land. After the entry of the judgment the bank could not rent or sell the land except subject

to the right of petitioner to take it at will; it could not improve it without in effect dedicating the improvement made to petitioner. The result is that payment being delayed, the bank had neither use of the money to which it was entitled nor full use of the property which petitioner, under the judgment, had the right to take." Yet it was held in *Los Angeles* v. *Gager*, 10 Cal.App. 378 [102 P. 17], that no interest is recoverable for the delays prior to judgment and that the statute (§ 1249) is not rendered unconstitutional by that fact. See also *City of Los Angeles* v. *Tower*, 90 Cal.App.2d 869, 872-874 [204 P.2d 395], as to the constitutionality of said statute. If it is lawful to withhold interest for 10 months of delay in reaching trial, even upon a rising real estate market, it would seem that a delay for 90 (or perhaps 120) days after judgment in making payment would not be a withholding of substantial compensation because of denial of interest on the award; that it would constitute one of the "many noncompensable factors" mentioned in the Heimann case, *supra*.

Another example of the same sort is found in the application of section 1255a to specific cases. It provides that upon abandonment the defendants may recover their costs and disbursements, which shall include all necessary expenses incurred in preparing for trial and reasonable attorney fees, which fees must be fixed by the court. The amount allowed by the judge, based upon the opinion of himself and others, may be only a fraction of what defendant actually and in good faith paid or agreed to pay his lawyer. But the commencement and abandonment of the condemnation leaves him out of pocket to the extent of one-half or one-third of what he paid his attorney and he is remediless in that regard.

Again, the "costs and disbursements shall not include expenses incurred in preparing for trial where the said action is dismissed forty days prior to the time set for the trial of the said action." Though the case be one involving large holdings and intricate valuation, the owner must do all his preparation within the last 40 days before trial or he loses part or all of those expenses in case of an abandonment made 40 days before the trial date. In this he is remediless, as in the other instances above cited. █ If the case does not go to judgment or formal abandonment but is dismissed under section 583 for want of prosecution, no attorney fees or expenses (other than formal costs) are recoverable. (*City of Bell* v. *American States W. S. Co.*, 10 Cal.App.2d 604, 607 [52 P.2d 503].)

The justification for these rulings, so far as explained, is that they are procedural (*City of Los Angeles* v. *Tower, supra,* 90 Cal.App.2d 869, 873-874; *County of Los Angeles* v. *Hoe,* 138 Cal.App.2d 74, 80 [291 P.2d 98] ; *City of Pasadena* v. *Porter,* 201 Cal. 381, 390 [257 P. 526, 53 A.L.R. 679] ; *California Southern R. R. Co.* v. *Kimball,* 61 Cal. 90, 91), but they seem to flow from the more fundamental principle that the owner is not entitled to compensation for an interference with his property rights which is not substantial in its nature (*cf. City of Los Angeles* v. *Pomeroy,* 124 Cal. 597, 644 [57 P. 585] ).

 We apprehend that, as these lesser burdens inflicted upon the landowner incident to an eminent domain proceeding fall short of a cognizable taking, a delay of 45 days in paying a condemnation award falls within the same category. We conclude that the 45-day delay in payment of the award here under consideration was not such a substantial interference with the property rights as to constitute the taking or damaging of same.

Although it appears to us that appellants were entitled to no interest whatever upon the instant award, respondent's brief concedes a right thereto for the last 15 days of the delay and seeks affirmance of the order under appeal. It was also conceded by respondent's counsel upon oral argument that the order should be affirmed. Of course, a respondent may assert error only in aid of affirmance. (*City of Glendale* v. *Crescenta etc. Water Co.,* 135 Cal.App.2d 784, 798 [288 P.2d 105].) The attorney general, appearing as amicus curiae, argues that appellants are entitled to nothing; but he has no status in this litigation except that of friend of the court. We acknowledge valuable assistance afforded us by his brief herein, but he has no rights which are or can be invaded by the order in question. In the circumstances I would affirm the lower court's order.

Both of my associates, however, insist that the order must be reversed. Their reasons are stated in the concurring opinion of Mr. Presiding Justice Fox. Therefore, the order is reversed with directions to enter an order denying interest in its entirety.

FOX, P. J.—I fully concur in Mr. Justice Ashburn's reasoning and conclusion that under the law and the facts in this case appellants are not entitled to any interest. The trial court's order allowing interest on the award for 15 days

(amounting to $281.10) is obviously wrong. Therefore it ought not be affirmed but should be reversed so that a proper order may be entered. ██ It is neither good public policy nor proper administration of justice to affirm an order that misapplies the law because it has been misconceived by both counsel and the trial court. Where the prevailing party, through an erroneous interpretation of the law, seeks affirmance of an order which places a greater burden upon him than he is legally required to bear, the court should intervene of its own accord. It is the duty of the court to determine where justice lies under the law and the facts. This objective may be achieved in the instant case only by reversing the order herein and directing the entry of a new order denying interest in its entirety. Otherwise, appellants would receive from the public treasury $281.10 to which they are not entitled under the law.

Kincaid, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.