[Civ. No. 4989.  Second Appellate District, Division One.—September 30, 1925.]

THE CITY OF LOS ANGELES (a Municipal Corporation), Respondent, v. DAN MORRIS et al., Defendants; ANNIE F. YOUNG, Appellant.

[1] Street Law—Street Opening Act of 1903—Compensation and Damages—Date of Fixing—Continuance of Trial.—Under section 10 of the Street Opening Act of 1903, the compensation and damages to be awarded a defendant should be fixed and assessed as of the date the proceeding is originally set for trial after issue joined; and neither subsequent continuance as to the time of trial, nor the granting of a new trial after trial by jury, upon the issues as originally joined, will shift along the date with relation to which the compensation and damages should be awarded.

[2] Id.—Partial Reference of Case—Date of Fixing Compensation. In a proceeding under the Street Opening Act of 1903, against several property owners, to condemn certain real property required for street purposes, where on the hearing of the motion to set the case certain of the defendants waive a trial by the court or by jury and some of the defendants demand a jury trial, and the case against the latter defendants is thereupon set for trial, and the court at the same time orders that the action as to the other defendants be heard and determined by referees, but the order selecting and appointing such referees is not made until a subsequent date, the compensation and damages to which the defendants are entitled should be determined as of the date the action was set for trial.

[3] Id. — Reassignment of Case — Regularity of Procedure — Compliance With Rules of Court.—In such proceeding, after the jury had been empaneled, it having been suggested and admitted that the judge then presiding in the department where the action was pending was, by reason of some property interest, disqualified to try the case, and the jury thereupon having been discharged, the action of the presiding judge in taking the bench in that department, continuing the case to the next day, and assigning it to another department presided over by a different judge, was in substantial conformity with the provisions of rules "III" and "XVII" of the superior court of the county (Los Angeles); but as the compensation and damages were to be measured according to values ascertained as of the date the case was originally set for trial, the irregularity, if any, of the procedure adopted by the presiding judge, in that he did not

reassign the case to the department presided over by him before ordering the continuance and reassigning the case to the other department, did not result in any material disadvantage to defendants.

[4] ID.—VIEW OF PREMISES—FORM OF ORDER—WAIVER OF OBJECTIONS. In such proceeding, any error in the form of the court's order that the jury, before the taking of any evidence, should be allowed to and should view the premises involved, was not ground for reversal on appeal, where the record shows that appellant's objections in the trial court were to the making of any order, and not to the form of the order, and that the jury were taken to view the premises "together with the officials of the court, that all of the property which the jury were taken to see, they were taken to see at the direction and under the supervision of, and in the presence of the court: The property lines were pointed out there in the presence of the court and the officials and of both counsel."

[5] ID. — VALUE OF PREMISES — LIMITATION OF SPECIFIC DATE — DISCRETION OF TRIAL COURT.—In such action, the issue of fact in connection with the compensation and damages allowable having related to the value of the property as of the date the case was originally set for trial, and the direct examination of plaintiff's witnesses having been confined to the values as of that date, the trial court did not abuse its discretion in confining the cross-examination of plaintiff's witnesses to the values as of a period reasonably near to that date.

[6] ID.—DAMAGES—VERDICT—EVIDENCE.—In such proceeding, the jury had the right to rest its verdict of damages based upon the severance of one parcel of defendant's land from the condemned portion upon the testimony of the witnesses as to the value of the parcel prior to said severance and the testimony of other witnesses concerning the percentage of damage as compared with the original value, although the amount thus arrived at was less than the lowest amount given by any witness in actual figures relating to the damage to that parcel.

[7] ID.—PARTIAL REFERENCE OF CASE—SEPARATE INTERLOCUTORY JUDGMENTS—ERROR WITHOUT PREJUDICE.—In such proceeding, certain of the defendants having waived a trial by the court or by jury, and the action as to them having been referred to referees, and the other defendants having demanded a jury trial, the trial court did not err in entering a separate interlocutory judgment as to the latter defendants, based upon the verdict of the jury; but even if the entry of judgment of the interlocutory judgment against said defendants alone, without including therein a judgment based upon the report of the referees with respect to the

5.   See 27 **Cal. Jur.** 98.

rights of the other defendants, constituted an irregularity or error, under section 4½ of section VI of the constitution that condition of the record would furnish no ground for a reversal on appeal.

(1) 20 C. J., p. 831, n. 23.    (2) 20 C. J., p. 831, n. 23; 36 Cyc., p. 969, n. 90.    (3) 20 C. J., p. 1119, n. 21; 38 Cyc., p. 1272, n. 50. (4) 20 C. J., p. 1101, n. 61.    (5) 22 C. J., p. 704, n. 98 New.    (6) 20 C. J., p. 991, n. 15, p. 992, n. 19; 22 C. J., p. 729, n. 77.    (7) 20 C. J., p. 1061, n. 79 New, p. 1121, n. 26.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. J. P. Wood, Judge.    Affirmed.

The facts are stated in the opinion of the court.

W. W. Hyams, Meserve & Meserve and Timon E. Owens for Appellants.

Jess E. Stephens, City Attorney, Donald M. Keith, Deputy City Attorney, and John A. Rush for Respondent.

CONREY, P. J.—This action was brought by the plaintiff to condemn land and take the same for public use for the opening, widening and extending of Fifth Street in the city of Los Angeles.    The defendant Annie F. Young is the owner of land through which the extended street will run.    Under the condemnation proceedings she is entitled to compensation for that part of her land taken for street purposes, and separately to compensation for damages to her adjoining land not taken for the public use.    She appeals from the interlocutory judgment, entered pursuant to the verdict of a jury which assessed said compensation and damages, and appeals "from the order denying the motion of said defendant for a new trial, made, given and entered on or about the ninth day of July, 1923."    (Street Opening Act of 1903, sec. 13.)

[1]    First we shall deal with the contention made by appellant that the court erred in determining that the compensation and damages to be awarded to her should be fixed and assessed as of the fifth day of December, 1921.    The action was brought under the Street Opening Act of 1903. (Stats. 1903, p. 376, and subsequent amendments thereto;

Deering's Gen. Laws, 1923 ed., Act 8198.) Section 10 of that act, as amended in the year 1909 (Stats. 1909, p. 1038), reads in part as follows: "For the purpose of assessing the compensation and damages, the right thereto shall be deemed to have accrued at the date of the order appointing referees or of the order setting the cause for trial, as the case may be, and its actual value at that date shall be the measure of compensation for all property to be actually taken, and the basis of damages to property not actually taken, but injuriously affected, in all cases where such damages are allowed by the provisions of this act."

The Code of Civil Procedure, in the title on eminent domain, at section 1249 of that code, establishes a general rule for condemnation proceedings in this state, with respect to the date from which compensation shall be assessed, as follows: "For the purpose of assessing compensation and damages the right thereof shall be deemed to have accrued at the date of the issuance of summons and its actual value at that date shall be the measure of compensation for all property to be actually taken, and the basis of damages to property not actually taken but injuriously affected, in all cases where such damages are allowed as provided in section 1248; provided, that in any case in which the issue is not tried within one year after the date of the commencement of the action, unless the delay is caused by the defendant, the compensation and damages shall be deemed to have accrued at the date of the trial." The complaint in this action was filed on June 29, 1921. A summons was issued at some time not shown by the record. This appears from a default entry indorsed on the complaint under date December 14, 1921, which shows that prior thereto certain defendants were "regularly served with process." It follows, by necessary inference, that the summons issued prior to December 5, 1921.

Appellant contends that the date as of which she was entitled to have the value of her property fixed for the purpose of assessing her compensation and damages was a time much later than December 5, 1921. Here it becomes necessary to set out some further history of the action.

September 29, 1921, answer of Annie F. Young and Pacific Mutual Life Insurance Company of California (mortgagee of Mrs. Young) was filed. November 28, 1921, notice

served on appellant and the other defendants and filed that on December 5, 1921, plaintiff would move to have the case set down for trial. December 5, 1921, said motion came on for hearing. Defendant Young and said mortgagee demanded a jury trial. No other defendants demanded a trial by court or jury. The court ordered that the action as to Young and said mortgagee be set for trial with a jury on March 31, 1922, in department 15 of said court, and that the action as to the other defendants should be heard and tried by referees. December 19, 1921, order signed and filed appointing referees.

April 11, 1922, referees' report returned to the court. March 31, 1922, trial as to appellant and mortgagee continued to May 8, 1922; and after further continuances was actually tried by jury on July 6, 1922, and the jury's verdict duly filed and entered.

October 6, 1922, motions for new trial presented on behalf of the city and on behalf of Young and said mortgagee. New trial granted. Case transferred to department 10, which is the department of the presiding judge of said court.

October 9, 1922, under stipulation of the parties, case was regularly set down for trial for December 11, 1922, and assigned to department 14 for trial with a jury. In that department several continuances were regularly made until April 23, 1923. On that day, Judge Charles Monroe presiding, a jury was regularly impaneled and sworn to try the case. At that point it was suggested and admitted that the judge then presiding was, by reason of some property interest, disqualified to try the case. Thereupon Judge Monroe discharged the jury. Immediately when that had been done Judge Charles Crail, then presiding judge of the superior court (department 10 thereof) "took the bench in said Department 14" and, over the objection of defendant Young and said mortgagee, continued the action for trial to the next day, April 24th, and assigned the case to department 11 of said court, then presided over by Judge J. P. Wood. Said defendants thereupon objected to the trial being thus continued and demanded that the action, under the rules of the superior court, be transferred to the department of the presiding judge and be regularly reset

for trial. Said objections were overruled and the case transferred to department 11 as aforesaid.

April 24, 1923, cause called for trial in department 11 before Judge Wood, who ordered that a new jury be impaneled. This order was made over the objection of appellant and said mortgagee. Thereupon a jury was impaneled and sworn to try the case, and the trial proceeded. Evidence was taken and such other proceedings were had that the jury returned the verdict pursuant to which the interlocutory judgment has been entered, from which judgment Mrs. Young now prosecutes this appeal.

It is the contention of appellant that the court erred in holding that the phrase, "the date of the order . . . setting the cause for trial," in section 10 of the Street Opening Act of 1903, applied only to the first order (that is, the order of December 5, 1921), setting the cause for trial; and in holding that it so applied, not only for the purposes of the first trial, but also for the purposes of the second trial. The first trial (the trial of July 6, 1922), was had pursuant to the order of December 5, 1921, made by the presiding judge, setting the case down to be tried on March 31, 1922, said order being supplemented by continuances in department 15 until the actual date of said first trial. It is admitted by counsel that at that first trial the issue as to value was tried and determined as of December 5, 1921. There seems to be no doubt that, as applied to the trial then occurring, the date was so selected according to the statute. As above noted, there were some continuances from and after the date fixed by the original order, but it does not appear to have been contended that those orders of continuance entirely superseded the original "order setting the cause for trial"; they assumed its validity, and on that basis directed a postponement of the trial. The purpose of the legislation contained in section 10 of the statute was that prior to trial of the action a time be fixed, with relation to which the compensation to be awarded should be established according to the actual value of the property at the date so appointed. The issue of fact was thus made and settled for determination upon the evidence thereafter to be taken. We find in the statute nothing to indicate that the date, with relation to which compensation shall be measured and damages assessed in such cases, shall

be shifted along from time to time by means of continuances of the trial, or even by means of an order granting a new trial of the action. "A new trial is a re-examination of an issue of fact in the same court after a trial and decision by a jury, court, or referee." (Code Civ. Proc., sec. 656.) By the very terms of the definition the re-examination thus had by means of a new trial calls for a determination of the same issue of fact which had been tried before. There is, of course, an exception when the court allows some change in the pleadings, whereby some alteration is made in the issues of fact presented for determination at the second trial. In substance, however, the several trials must be of the same case. In the instant case we are of opinion that the issue remained unchanged, notwithstanding that the effect of the order granting the new trial was to vacate and set aside the verdict which theretofore had been rendered.

The conclusion indicated in the preceding paragraph is strengthened by a consideration of the general rule, which has long been established in condemnation proceedings in California, providing for the assessment of compensation and damages as of the date of issuance of summons in the action. While a different rule has been set up in section 10 of the Street Opening Act of 1903, this rule should be construed, as nearly as may be, in harmony with the general rule. The supreme court followed this principle of decision in *Marin Municipal Water District* v. *Marin Water and Power Co.*, 178 Cal. 308, at 314, 315 [173 Pac. 469].

[2] Appellant makes the further suggestion that said section 10 of the Street Opening Act of 1903 is void by reason of uncertainty; that therefore the compensation should have been awarded under section 1249, Code of Civil Procedure; and that because the case was not tried within one year after the commencement of the action and because the delay was not caused by the defendant, her right to compensation and damages must be deemed to have accrued at the date of the second trial. It will be remembered that according to said section 10 the right to compensation and damages "shall be deemed to have accrued at the date of the order appointing referees or of the order setting the cause for trial, as the case may be." The statute (sec. 8, as amended by Stats. 1909, p. 1037) provides that

if upon the hearing of the motion to set the case for trial, a trial by jury or by the court without a jury is not demanded by the defendants or any of them (or by the plaintiff), the court must appoint referees to ascertain the compensation to be paid to such defendants so waiving trial by jury or by the court without a jury. In a case (and this is such a case), where one defendant has demanded a trial by jury and the other defendants have left the court free to ascertain their compensation with the aid of referees, there may be some difference in time between the date of appointment of the referees and the date of the order setting the cause down to be tried by jury. Appellant contends that under such circumstances section 10 fails to furnish any rule for ascertaining which date shall be the date as of which the right to damages must be ascertained or be deemed to have accrued. But we think that the language of section 10 is capable of a construction which will harmonize its terms. In a case where the order appointing referees applies to all of the defendants, or in a case where all of the defendants have demanded a trial by the court, or all have demanded a trial by jury, there would of course be no doubt at all concerning the meaning of section 10 as applied to that situation. The only possible doubt will arise when there are two orders, one appointing referees and another setting the cause for trial, and when those two orders are not made on the same day. The statute (sec. 8) contemplates, however, that the two orders shall be made at the same time or very closely thereto; for it says that "if *upon the hearing of such motion*" any of the defendants waive a trial, the court must appoint the referees. The motion itself, however, is the motion to set the action for trial. The notice of motion to be made on a certain day to set the action for trial establishes a time at which it is proposed that the case shall be set for trial by the court without a jury—or with a jury, where that method is demanded—and shall also appoint referees to ascertain and report the compensation proper to be paid to such of the parties as have waived a trial by jury or by the court. The statute provides that those referees shall at once proceed to view the lands, etc. Reading together these several provisions of the statute, we think it a fair and reasonable construction of section 10

to hold that the phrase "the date of the order appointing referees" is subordinate to the phrase "the order setting the cause for trial," in those instances where the situation requires both methods of procedure in the same action. Under this construction it may be that the referees would be required, in ascertaining the values that are to be fixed by them, to determine those values as of the date of "the order setting the cause for trial." On the record before us it appears that on December 5, 1921, when the case against defendant Young and her mortgagee was set for trial by jury, the court at the same time did order that the action as to the other defendants should be heard and tried by referees. The order of December 19, 1921, was merely an order selecting and appointing those referees—thereby carrying into effect the previous order. Under such circumstances December 5, 1921, would be the appropriate date, as of which the referees should determine the right to compensation and damages of the parties whose claims were submitted to the referees. We assume that it was so done. The record herein shows nothing to the contrary.

We conclude, therefore, that the court did not err in ruling that the values and damages should be fixed and assessed as of the fifth day of December, 1921, and did not err in limiting the evidence to the issue thus established for determination by the jury.

[3] Appellant contends that the orders of April 23, 1923, pursuant to which the action was continued to April 24th and assigned for trial in department 11, were irregular and erroneous in this, that the orders thus made by the presiding judge were made contrary to the provisions of rule XVII of the superior court of Los Angeles County. Rule III defines the duties of the presiding judge and, among other things, provides that he shall supervise the condition of the trial calendars of the court and shall readjust the assignment of causes at issue at or before the time of trial thereof in such manner as best to dispose of the business. Rule XVII reads as follows: "Civil actions at issue may be set for trial in the department of the presiding judge upon motion of a party, on 5 days' written notice of such motion to the adverse party, or on motion based on stipulation of the parties. Such motion must be noticed for, and will be heard at 10 o'clock A. M., of any legal

74 Cal. App.—31

day except Saturday, and will not be granted unless it first appear that the calendar fee has been paid, and that the required notice has been given; provided that the order may be made by consent expressed as required by Rule XVIII." We are of the opinion that the action of the presiding judge in making the transfer and order of continuance was substantially in compliance with these rules. No reason appears why, with the parties all before him in the department where the case had been called for trial, it should have been deemed necessary to pursue the far more inconvenient method of transferring the case to department 10 to be reset for trial. Under the circumstances the order was one of continuance, and not in the nature of an original order setting the case for trial. Moreover, in view of our decision herein that the compensation and damages were properly measured according to valuations of the property ascertained as of December 5, 1921, the irregularity of the procedure now under consideration (if it was irregular or in any way erroneous), does not appear to have resulted in any material disadvantage to appellant.

[4] After the jury had been impaneled and sworn to try the case, the plaintiff requested that the jury be allowed to "view the premises" involved in this action. The defendant Young objected to this request and proposed order, on various grounds then and there stated by counsel. The court overruled the objections, "and the court thereupon ordered that the jury, before the taking of any evidence, should be allowed to and should view the premises involved herein: That the court did not at said or any time make any order as to who should accompany said jury, did not place said jury in the custody of the bailiff of the court, or any other party, and did not designate any person whatsoever as the party to show the jury the premises to be viewed by them, particularly the property of Annie F. Young, herein sought to be condemned, and her property to be severed by virtue of such condemnation." The transcript describes in much detail the proceedings relating to this transaction. In brief, it appears that the jury were taken to view the premises by the court, "together with the officials of the court, that all of the property which the jury were taken to see, they were taken to see at the direction and under the supervision of, and in the presence

of the court: The property lines were pointed out there in the presence of the court and the officials and of both counsel, by Mr. Meserve and Mr. Eberhard, but by no one else.''

In relation to the view of the premises taken as above stated, appellant contends that the court erred and that the required forms of law were not observed in this, that no person was appointed by the court, charged with the duty of showing the premises to the jury, in conformity with the provisions of section 610 of the Code of Civil Procedure. It should be noted first that, while appellant made sundry objections to the granting of any order ·for a view of the premises by the jury, she did not then, or during the viewing of the premises, or even when the trial was resumed in the courtroom, make any objection to the form of the order or the method of carrying that order into effect. We therefore agree with counsel for respondent that an objection of this nature, not made at a time when there was opportunity to correct the alleged error, should not be considered as a ground for reversal on appeal. (*People* v. *Nakis,* 184 Cal. 105, 113 [193 Pac. 92]; *People* v. *Pompa,* 192 Cal. 412, 422 [221 Pac. 198].)

[5] Appellant contends that the court erred in sustaining objections to certain questions propounded by her counsel on cross-examination of two of plaintiff's witnesses. Each of these witnesses had stated his opinion of the values of the property involved herein on the fifth day of December, 1921. On cross-examination the witness Culver was not permitted to state what, in his opinion, was the value of the entire property of appellant on July 1, 1922, or what was its value on October 10, 1922. He did state, without objection, that the value increased after December 5, 1921, down to and including the time when his testimony was given. He further testified, without objection, that the market value of that property as a whole on April 1, 1922, had not increased more than five per cent over its value on December 5, 1921. The rulings on cross-examination of the witness Canfield present in substance the same question of law that is presented by those relating to the testimony of Culver, and need not be separately considered.

Appellant claims that she had a right to cross-examine each witness as to his opinion of values down to the date

of the trial; and that the alleged error was especially prejudicial for the reason that any value the jury might have ascertained from a view of the premises would be the value of the premises on the twenty-fourth day of April, 1923, the date of the view.

Assuming that the view of the premises by the jury was in its nature a taking of evidence, the issue of fact nevertheless remained unchanged. It related to the value of the property on December 5, 1921, and not at any later time. Since the witnesses for respondent on their direct examination had not testified to any valuations of later date, the court was justified in confining the cross-examination to a period of time reasonably near to the date in question. We think that there was no abuse of discretion in the rulings which enforced that limitation. The stated purpose of counsel for appellant, as declared by him to the court, was to show not only the values at different dates running back to a time before December 5, 1921, but down to the date of the trial. The court was not bound to follow a course which would be likely to confuse the issue and unnecessarily extend the trial.

[6] There is some argument in which apparently appellant contends that the evidence does not sustain the verdict—although that assignment of error is not definitely stated in the brief. Our examination of the record has not led us into any doubt that the evidence is sufficient, except in one particular—and that doubt has been removed. The jury awarded $1,500 as damages caused by the severance of one parcel of appellant's land from the condemned portion. The lowest amount given by any witness in actual figures relating to the damage to that parcel was $1,658. In view of this fact appellant contends that the evidence does not sustain this element of the verdict, and that the view of the premises by the jury, although in the nature of evidence, is not sufficient to create a conflict in the evidence so as to justify such a verdict. But even without any knowledge obtained by the jury in its view of the premises, the testimony of the witnesses as a whole justifies the jury in fixing said severance damage at $1,500. We quote from respondent's brief, which we understand is in accord with the record: "McGarry testified that the full value of this parcel, as a part of the whole, was $400

per front foot, which would be $1,808 for the 4.52 feet. Crippen testified that the damage to this parcel was fifty per cent of its value. This would be $904, based upon the McGarry valuation." A number of other comparisons are made which are to similar effect. We are satisfied that the jury had a right, if so convinced, to rest its verdict upon the testimony of some of the witnesses as to the value of the parcel prior to said severance, and the testimony of other witnesses concerning the percentage of damage as compared with the original value. Further, the aggregate amount of compensation and damages awarded exceeds, by a large amount, the entire value of the property as valued by some of the witnesses.

[7] Finally, appellant contends that the interlocutory judgment is void on its face because it is limited to a determination of the rights of appellant and her mortgagee, and does not contain any determination based upon confirmation of the report of the referees before whom the action was ordered to be tried for the purpose of assessing the compensation and damages of the other defendants. The argument on this point rests upon section 12 of the Street Opening Act of 1903 (as amended by Stats. 1909, p. 1040), which reads as follows:

"Upon the confirmation of the report of the referees, or receipt of the verdict of the jury, or the filing of the findings of the court, the court shall make and enter an interlocutory judgment in accordance with such report, verdict or findings, adjudging that upon payment to the respective parties, or into court for their benefit, of the several amounts found due them as compensation, and of the costs allowed to them, the property involved in the action shall be condemned to the use of the plaintiff, and dedicated to the use specified in the complaint. The court shall allow to the referees, as costs to be paid by the plaintiff, a reasonable compensation for their services, the amount of which compensation shall be fixed by the court upon the hearing of the report, and their necessary expenses."

We think that the rendering and entry of judgment as the same was entered was within the power of the court and was not void. Section 6 of said Street Opening Act provides that the action to condemn the property necessary to be taken for the stated purposes "shall in all respects be sub-

ject to and governed by such provisions of the Code of Civil Procedure now existing or that may be hereafter adopted, as may be applicable thereto, except in the particulars otherwise provided for in this act.'' We find nothing in section 12 or elsewhere in the statute which prevents the code provisions from applying to the matter of entry of separate judgments under circumstances like those appearing in this record. Section 579 of the Code of Civil Procedure reads as follows: ''In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment is proper.'' Assuming, as we must, that before an assessment can be made against the property within the assessment district for the purpose of assessing thereon and collecting the sums necessary to pay for the improvement, an interlocutory judgment or judgments must first be entered covering all of the property that is to be taken, it may be further assumed that in due course a separate interlocutory judgment has been entered against the defendants whose compensation and damages were to be awarded under the report of the referees. For all necessary purposes of the proceeding, these judgments together will constitute the interlocutory judgment, upon entry of which the statute provides that the assessment shall be made (Street Opening Act of 1903, sec. 15 et seq.). Appellant can suffer no loss or damage by reason of the fact that the court completes the condemnation proceeding by two entries of judgments instead of one. And this is so, notwithstanding that the common practice is to enter only one interlocutory judgment. This is solely a matter of procedure, and in this instance results from the fact that some of the defendants were content to have their damages determined by referees, while other defendants exercised their right to have a trial by jury. Assuming that the method of procedure was irregular, there was not any serious error therein. The case is thus brought directly within the terms of section 4½ of article VI of the constitution of California, wherein it is declared, among other things, that no judgment shall be set aside for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of

justice. It results that, even if it should be held that the entry of judgment against appellant and her mortgagee alone, without including therein a judgment based upon the report of the referees with respect to the rights of other defendants, constituted an irregularity or error, nevertheless that condition of the record would furnish no ground for a reversal.

The judgment and order are affirmed.

Hahn, J., *pro tem.*, and Curtis, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 27, 1925.