[55 C.2d 1; 9 Cal.Rptr. 601, 357 P.2d 833]

[L. A. No. 25903.   In Bank.   Dec. 13, 1960.]

THE PEOPLE ex rel. DEPARTMENT OF PUBLIC WORKS, Appellant, v. KENJI MURATA et al., Respondents.

George C. Hadley, Joseph A. Montoya, Hugh R. Williams and Charles E. Spencer, Jr., for Appellant.

Stanley Mosk, Attorney General, B. Abbott Goldberg, Assistant Attorney General, K. D. Lyders, Deputy Attorney General, Roger Arnebergh, City Attorney (Los Angeles), Gilmore Tillman, Chief Assistant City Attorney for Water and Power, Russell B. Jarvis, Assistant City Attorney, Glen M. Pfau, Deputy City Attorney, Spencer M. Williams, County Counsel (Santa Clara), Harold W. Kennedy, County Counsel (Los Angeles), A. R. Early, Deputy County Counsel, Richard H. Peterson, Henry J. La Plante, E. Kendell Davis and David S. Kaplan, as Amici Curiae on behalf of Appellant.

Hodge L. Dolle and J. Marion Wright for Respondents.

Tanner, Odell & Taft, Launer, Chaffee, Hanna, Ward & Stack, Robert E. Ward, Spray, Gould & Bowers and Joseph A. Spray as Amici Curiae on behalf of Respondents.

DOOLING, J.—Plaintiff appeals from a judgment in an eminent domain proceeding following a second trial by jury. The first judgment, on plaintiff's appeal, was reversed for errors of law committed by the trial court: (1) failure to give cautionary instructions relative to sales to condemners; (2) re-

fusal to admit into evidence certain photographs of the property offered by plaintiff; and (3) restriction of plaintiff's cross-examination of defendants' expert witnesses on property values. (*People* ex rel. *Dept. of Public Works* v. *Murata,* 161 Cal.App.2d 369 [326 P.2d 947].)

The sole question presented is whether following reversal of the judgment and remand for a new trial, the date of valuation should remain the date of issuance of the summons (the date used at the first trial) or should shift to the date of the second trial.

Section 1249 of the Code of Civil Procedure provides: "For the purpose of assessing compensation and damages the right thereof shall be deemed to have accrued at the date of the issuance of summons . . .; provided, that in any case in which the issue is not tried within one year after the date of the commencement of the action, unless the delay is caused by the defendant, the compensation and damages shall be deemed to have accrued at the date of the trial. . . ." The proviso for the alternative date of valuation was added in 1911. (Stats. 1911, p. 842.)

The case involves approximately 53 acres of farm property which were condemned for use as part of a freeway project in Southern California. The complaint was filed, summons was issued, and lis pendens was recorded on January 4, 1956. It was first contemplated that the trial would be set for January 2, 1957, before the expiration of one year from the commencement of the action. Counsel for defendants was then engaged in other trial work and an agreement between counsel was made for a trial date in May 1957. The first trial ran from May 21, 1957, through June 19, 1957, but pursuant to stipulation, the date of value for the property was fixed at the date of issuance of the summons, January 4, 1956. The jury returned a verdict for $610,763. Plaintiff appealed and the judgment was reversed. (*People* ex rel. *Dept. of Public Works* v. *Murata, supra,* 161 Cal.App.2d 369.) The second trial began on May 4, 1959, and the trial judge ruled that the date of valuation should be advanced to the date of the second trial (May 4, 1959) rather than remain the same as used in the first trial, the date of issuance of the summons (January 4, 1956). The jury on the second trial returned a verdict of $650,103.12 based on the new valuation date. Plaintiff now appeals from the judgment on this second trial.

Plaintiff makes these contentions: (1) Once the case is "tried within one year," as here pursuant to the effect of the parties' stipulation, the date of value may not shift;

(2) a retrial following a reversal must be a reexamination of an issue of fact theretofore tried, and the only such issue in this condemnation proceeding is the valuation, which must be fixed for the same date; and (3) the law of the case requires a retrial with the same valuation date, for otherwise the case is entirely different from the one reversed on the first appeal.

By reason of the parties' stipulation at the time of the first trial, it must be considered that the first trial was held "within one year after the date of the commencement of the action" coincident with fixing the valuation as of the date of the issuance of the summons. Since then there has been a general rise in property values, and the increased verdict on the second trial, in accord with the advanced valuation date by more than three years, reflects this market trend. The question is thus squarely presented whether the code section should be construed to hold that the date for fixing compensation and damages becomes fixed at the first trial of the issue or whether in the event of a retrial after reversal of the first judgment, the compensation and damages are to be fixed as of the date of the second trial.

Before the addition of the proviso in 1911, the section fixed the date of issuance of the summons as the date for fixing value and damages in all condemnation cases without exception. This section before amendment was held constitutional at an early date. (*California Southern R. R. Co.* v. *Kimball,* 61 Cal. 90, 91-92; *Tehama County* v. *Bryan,* 68 Cal. 57, 65 [8 P. 673].) ▇▇▇ The form of the proviso is important in determining its proper construction, and we repeat it here, for clarity of consideration: "provided, that in any case in which the issue is not tried within one year after the date of the commencement of the action, *unless the delay is caused by the defendant,* the compensation and damages shall be deemed to have accrued at the date of the trial." (Emphasis added.) The proviso puts the burden on the condemner to get the case to trial within the one-year period if the condemner is to have the advantage of having the value and damages fixed as of the date of issuance of the summons, "unless the delay is caused by the defendant."[1] It clearly contemplates a situation where

---

[1]The Legislature in enacting this proviso apparently took the optimistic view that land values would be constantly increasing. Under the literal wording of the proviso, where the trial of the issue is delayed beyond the year, if the value of the land decreased in the interval, the landowner would be entitled to the higher value at the date of issuance of the summons only if the landowner caused the delay; and conversely, if the condemner caused the delay, the condemner would be entitled to the benefit

it lies within the power of the parties to get the issue to trial within the one-year period. If the condemner delays setting the case for trial beyond this period, it forfeits the right to have value and damages fixed as of the date of the issuance of the summons, but if the delay in setting the case for trial beyond the one-year period ''is caused by the defendant,'' the condemner retains the right to have value and damages fixed as of the earlier date. ■■■ The section is plainly an expedition statute: it puts a premium on the condemner to get the case to trial within the year, and it puts a burden on the defendant who for any reason delays the setting of the trial beyond the one-year period.

Being an expedition statute, it is similar to the code provisions construed by the courts in *Allyne* v. *Superior Court*, 200 Cal. 661 [254 P. 564], and *In re Alpine*, 203 Cal. 731 [265 P. 947, 58 A.L.R. 1500]. In *Allyne* the court was called upon to construe section 583 of the Code of Civil Procedure, which required the dismissal of an action ''unless such action is brought to trial within five years after the defendant has filed his answer.'' The action was brought to trial within the five-year period, and after judgment a motion for a new trial was granted. The case was not again brought to trial for more than five years. The court held that the case had been brought to trial within the five-year period, pointing out that the section was intended ''to compel expedition in the trial and disposition of causes'' (200 Cal. 665), and that the mandatory dismissal provision had ''no application to the retrial of causes'' (200 Cal. 667).

In *Alpine* the court was called upon to construe section 1382 of the Penal Code, requiring a dismissal if a defendant is not ''brought to trial'' within 60 days after the finding of an indictment or the filing of an information. Defendant was tried within the statutory time and found guilty. On appeal the judgment of conviction was reversed and defendant was not brought to trial again within 60 days of the filing of the remittitur. This court held against a claim that the mandatory

of the lesser value at the date of the trial. The Legislature cannot be supposed to have intended that the advantage should thus go to the dilatory instead of to the vigilant, yet such would be the effect of the proviso according to its express language where land values were decreasing. We are not faced with that problem in this case but, as demonstrating that it is not beyond the realm of possibility, see *San Jose etc. R. R. Co.* v. *Mayne*, 83 Cal. 566, 567-568 [23 P. 522], where the landowner successfully urged as one ground of reversal that the condemner's witness had testified to the value *at the time of trial* rather than *at the date of issuance of the summons.*

provision of the section required a dismissal, saying that "although a case may be reversed upon appeal the second trial is a new trial of the issues, and if the defendant was 'brought to trial' in the first instance within sixty days . . . the mandate of the law so far as section 1382 is concerned has been complied with." (203 Cal. 738.)

We are moved particularly to apply the reasoning of these cases in construing the language of the proviso of section 1249 of the Code of Civil Procedure because to construe the proviso as applying to a retrial of the issue after reversal of a judgment, and requiring the value and damages to be fixed as of the date of such trial where the retrial occurs more than one year after the commencement of the action, would entail results which we can only regard as unreasonable; and in construing a doubtful statute, that construction is always to be preferred "which leads to the more reasonable result." (*Freedland* v. *Greco,* 45 Cal.2d 462, 467 [289 P.2d 463]; *Clements* v. *T. R. Bechtel Co.,* 43 Cal.2d 227, 232-233 [273 P.2d 5]; *Metropolitan Water Dist.* v. *Adams,* 32 Cal.2d 620, 630-631 [197 P.2d 543].)

The code expressly gives the parties the right of appeal in condemnation cases. (Code Civ. Proc., § 1257.) Plaintiff in this case planned to set the trial of the issue within the one-year period, and if it had been tried when originally planned, plaintiff would have been entitled to have the value and damages fixed as of the date of the issuance of the summons. Defendants desiring a delay to suit the convenience of their counsel sought and obtained a delay of the trial beyond the one-year period. To obtain this delay, they stipulated that at the trial value and damages should be fixed as of the date of the issuance of the summons (thus in effect stipulating that the case should be tried as if the trial had been held at the date originally contemplated). Through no fault of plaintiff, errors were committed which tended to increase the amount of the award beyond that to which defendants were legally entitled. Plaintiff was entitled to appeal and ask for a reversal of the judgment because of these errors. It did so and the judgment was reversed. On the retrial to which it was legally entitled it lost all benefit of the appeal to which it was also legally entitled by reason of the fact that the value of the property had in the meantime increased so that the second award, by reason of that fact, was greater than the first which on appeal had been held tainted with sufficient error to require a reversal. Thus, through no fault of its own, for exercising

successfully its right of appeal, plaintiff has been penalized by having the retrial, not on the issues which were tried before the court in the first trial but on new issues which are less favorable to it. We cannot agree to a construction of section 1249 which leads to such an unreasonable and inequitable result.

Furthermore, the section on its face is not geared to a construction which would have a new basis of value and damages apply in each successive trial of a condemnation action. The section is simple of application if it is applied only to the first trial of the issue. There are three situations covered by the section: (1) where the trial is had within the one-year period; (2) where the trial is not held within the one-year period and the delay is not caused by the defendant; and (3) where the trial is not held within the one-year period and the delay is caused by the defendant. In (1) and (3), the date for fixing value and damages is the date of the issuance of the summons. In (2) the date for fixing value and damages is the date of the trial. Applied to the first trial of the issue, if the issue is tried beyond the year, it is a simple matter to determine whether the delay was caused by the defendant. If it was so caused, the right of the condemner is clear, to have the issue tried as of the date of the issuance of the summons. But once a case is taken on appeal, be the parties ever so free of responsibility and ever so diligent, delays over which neither have any control are almost certain to carry the second trial beyond the one-year limit. This case may serve as an example. It went to the jury on June 17, 1957. (*People* ex rel. *Dept. of Public Works* v. *Murata, supra,* 161 Cal.App.2d 369, 371.) It was decided one year and one day later, June 18, 1958, and allowing 60 days for the judgment to become final, it was 14 months after the first trial before the remittitur issued from the District Court of Appeal. The language of the proviso ''unless such delay is caused by the defendant'' is meaningless when applied to a delay of this character. The expression is only meaningful if applied to the first trial of the action over the time of setting of which the parties to the litigation have, and can exercise, a real and effective control.

Assume another situation. In this case defendants desired a continuance for convenience of counsel. If they had refused to give the stipulation, the continuance had not been accorded to them voluntarily, and they had moved for a continuance, counsel for the plaintiff might reasonably have opposed it on the ground that he desired to try the case within

the year provided by section 1249. If over such opposition the continuance had been granted, the delay of the trial beyond the year would have been "caused by the defendant" and the time for fixing value and damages on that trial would have been the date of the issuance of the summons by the plain terms of the section. In such a case after reversal on appeal, would the date for fixing damages remain the date of the issuance of the summons or would it shift to the date of the second trial? The defendant would have caused the delay of the first trial and on *that trial* the date of fixing value and damages would be clear. But if the date of fixing value and damages shifts from trial to trial, why should it become fixed if the delay in the first trial is caused by defendant and remain floating if the plaintiff exercises the diligence to bring the issue to its first trial within the one-year period? Or if, having exercised such diligence, he consents to a continuance beyond the year with a stipulation that value and damages shall be fixed at the date of the issuance of the summons, as was done in this case?

The only case in the same field decided by a California appellate court is *City of Los Angeles* v. *Morris,* 74 Cal.App. 473 [241 P. 409]. That case was tried under the Street Opening Act of 1903. Section 10 of that act provided: "For the purpose of assessing the compensation and damages, the right thereto shall be deemed to have accrued at the date of the order appointing referees or of the order *setting the cause for trial,* as the case may be. . . ." (Emphasis added.) The action was set for trial, there were several continuances before the case was tried, and the judgment was set aside by the granting of a new trial. The assessment of compensation on the second trial was determined as of the same date of valuation applied at the first trial, the date when the action was originally set for trial. On appeal the court concluded that there was "nothing [in the statute] to indicate that the date, with relation to which compensation shall be measured and damages assessed in such cases, shall be shifted along from time to time by means of continuances of the trial, or even by means of an order granting a new trial of the action. 'A new trial is a re-examination of an issue of fact in the same court after a trial and decision by a jury, court, or referee.' (Code Civ. Proc., § 656.) By the very terms of the definition the re-examination thus had by means of a new trial calls for a determination of the same issue of fact which had been tried before. . . . In the instant case we are of [the] opinion that

the issue remained unchanged, notwithstanding that the effect of the order granting the new trial was to vacate and set aside the verdict which theretofore had been rendered.'' (74 Cal. App. 478-479.)

The Legislature could, in enacting section 1249 of the Code of Civil Procedure, have provided for a change of valuation date upon successive trials or retrials. If it had intended to do so, we would suppose that it would have provided also for the conditions upon which such valuation date would change. Certainly we cannot suppose, if the Legislature had intended that the section should have application in the case of second or subsequent trials, that, having provided that defendant should not have the benefit of the later valuation date if ''the delay is caused by the defendant,'' it would not have made a similar provision depriving defendant of the right to valuation as of the date of a second trial where the plaintiff had secured a reversal of the first judgment. The absence of any such provision is itself an indication that the Legislature had in mind only the first trial of the action. To hold otherwise, as we have indicated above, would be to hold that the Legislature had deliberately deprived the plaintiff of the right to an effective appeal.

We are satisfied that the correct interpretation of the section is that the date for fixing valuation and damages is determined at the time of the first trial and in the event of subsequent retrial or retrials, once having become fixed, it remains the same.

█ Defendants rely upon cases using language indicating that a trial is a proceeding which finally disposes of the controversy. (E.g., *Goldtree* v. *Spreckels,* 135 Cal. 666 [67 P. 1091] ; *City of Pasadena* v. *Superior Court,* 212 Cal. 309, 313 [298 P. 968] ; *Broder* v. *Conklin,* 98 Cal. 360, 362 [33 P. 211] ; *Hastings* v. *Hastings,* 31 Cal. 95, 98; *San Joaquin etc. Irr. Co.* v. *Stevinson,* 30 Cal.App. 405, 414 [158 P. 768].) In none of the cases relied upon by defendants was the court considering or interpreting a statute comparable to the code section which we are called upon to construe in this case. The question is not one of semantics to be decided in a vacuum, and general language used by the courts in very different situations is not to be followed blindly in determining what the Legislature intended by the language of a particular enactment.

We conclude that the court erred to plaintiff's prejudice

in holding that the date for fixing value and damages was the date of the second trial.

Judgment reversed.

Gibson, C. J., Traynor, J., Peters, J., and White, J., concurred.

McCOMB, J.—I dissent. I would affirm the judgment for the reasons expressed by Mr. Justice Fourt in the opinion prepared by him for the District Court of Appeal (Cal.App.), 4 Cal.Rptr. 45.

Schauer, J., concurred.

Respondents' petition for a rehearing was denied January 4, 1961. Schauer, J., and McComb, J., were of the opinion that the petition should be granted.