[Civ. No. 30268.    Second Dist., Div. Two.    Sept. 22, 1967.]

THE PEOPLE ex rel. DEPARTMENT OF PUBLIC WORKS, Plaintiff and Respondent, v. BENJAMIN HAMUD et al., Defendants and Appellants.

John J. Guerin for Defendants and Appellants.

Harry S. Fenton, R. B. Pegram, Joseph A. Montoya, Richard L. Franck and Philip F. Lanzafame for Plaintiff and Respondent.

HERNDON, J.—Defendants appeal from the judgment entered in an eminent domain proceeding following a second trial by jury. The first judgment was set aside upon the granting of plaintiff's motion for a new trial made on the ground that the evidence was insufficient to justify the verdict. Defendants' appeal from the order granting the new trial was unsuccessful. The order was affirmed by Division 4 of this court in an opinion certified for nonpublication.

The basic question here presented is whether on the retrial following the affirmance of the order granting a new trial the date of valuation should remain the date of the issuance of the summons. as it was at the first trial, or should be changed to the date of the second trial.

We hold that the trial court correctly decided on the basis of the undisputed facts of this case that the date of valuation remained the same, namely, the date of the issuance of the summons.

As we have indicated, the material facts are undisputed. The original complaint was filed and the summons was issued on April 7, 1961. The trial of the action was originally set within one year of the date of issuance of the summons, but at the request of the defendants the trial was continued in order to enable plaintiff to effect certain design changes desired by defendants.

The first trial was commenced on July 12, 1962. On the fourth day of trial, pursuant to stipulation, plaintiff filed an amendment to the complaint effectuating the changes in design desired by defendants and adding to the property to be condemned certain additional parcels comprising approximately two and one-third acres. It was stipulated at the first trial that the date of valuation for all the property involved,

including the parcels added by the amendment to the complaint, should be April 7, 1961, the date of issuance of the summons. This stipulation was made in recognition of the fact that it was upon defendants' request that the trial date was continued beyond the one-year period provided in Code of Civil Procedure, section 1249. The pertinent provisions of section 1249 are as follows:

"For the purpose of assessing compensation and damages the right thereto shall be deemed to have accrued at the date of the issuance of summons and its actual value at that date shall be the measure of compensation for all property to be actually taken, and the basis of damages to property not actually taken but injuriously affected, in all cases where such damages are allowed as provided in Section 1248; provided, that in any case in which the issue is not tried within one year after the date of the commencement of the action, unless the delay is caused by the defendant, the compensation and damages shall be deemed to have accrued at the date of the trial."

Our holding sustaining that of the trial court is supported by the decision in the factually similar case of *People* v. *Murata*, 55 Cal.2d 1 [9 Cal.Rptr. 601, 357 P.2d 833]. In that case a second trial was held after plaintiff's appeal from the judgment in the first had led to a reversal. At the first trial the date of valuation was the date of issuance of the original summons notwithstanding the fact that the first trial commenced more than one year after the issuance of the summons. This date was adopted pursuant to a stipulation of the parties in recognition of the fact that the trial had been delayed beyond the one-year period at the instance of counsel for defendants. At the retrial the trial court held that the date of valuation should be the date of the second trial. The Supreme Court in reversing disapproved this holding and stated its conclusion as follows: "We are satisfied that the correct interpretation of [§ 1249 of the Code of Civ. Proc.] is that the date for fixing valuation and damages is determined at the time of the first trial and in the event of subsequent retrial or retrials, once having become fixed, it remains the same."

It appears to us that the *Murata* case cannot be distinguished in any material respect from the case at bench and that the reasoning of that decision is fully applicable here. Defendants argue that even under the *Murata* rule a retrial must be had within one year following the filing of the remit-

titur or section 1249 again becomes applicable. However, this contention can be of no avail to defendants in this case since the record before us clearly reveals that this action was set for retrial within the one-year period following the filing of the remittitur but was continued beyond such period *at defendants' request.*

Although it is true that the order granting plaintiff's motion for a new trial and defendants' appeal from that order delayed the final determination of the compensation to be paid defendants for a period of more than four years after the filing of the action, the record indicates that plaintiff was given possession of the property involved very shortly after the commencement of the action. Pursuant to the order of the trial court, plaintiff took possession on July 31, 1961. The present judgment awards defendants compensation which includes not only the fair market value of the property taken and the severance damages to the remainder as fixed by the verdict of the jury, but also interest at the legal rate on the amount awarded from the date of plaintiff's taking of possession. This interest, of course, continued to accrue throughout all stages of the proceedings including the time consumed by defendants' unsuccessful appeal from the order granting a new trial.

■ Defendants have presented the ''alternative'' contention that ''the court erred in not applying the valuation date as to the parcels added (approximately 2 and 1/3 acres) as of the time of filing the amended complaint.'' This contention that a different date of valuation should have been applied to the parcels of property added by the amendment to plaintiff's complaint cannot be sustained. In the first place, it has been raised for the first time on this appeal and therefore it is not entitled to consideration. (*Damiami* v. *Albert,* 48 Cal.2d 15, 18 [306 P.2d 780] ; *Glendale Unified School Dist.* v *Vista del Rossmoyne Co.,* 232 Cal.App.2d 493, 496-497 [42 Cal. Rptr. 899].) ■ But more importantly, the contention is without intrinsic merit. The amendment to the complaint describing the additional parcels to be taken was filed pursuant to stipulation. Likewise by stipulation the date of valuation for all of the property being taken, including the parcels added by the amendment, was expressly stated to be the date of issuance of the summons. The date of valuation as to the parcels added by the amendment having been thus fixed

by agreement of the parties at the first trial, such date of valuation remains the same at the retrial.

The judgment is affirmed.

Roth, P. J., and Fleming, J., concurred.

A petition for a rehearing was denied October 17, 1967, and appellants' petition for a hearing by the Supreme Court was denied November 15, 1967.