[Crim. No. 6341. First Dist., Div. Four. Mar. 20, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. DONALD EARL BURROWS, Defendant and Appellant.

Dominic J. Sposeto for Defendant and Appellant.

Thomas C. Lynch, Attorney General, John T. Murphy and Don Jacobson, Deputy Attorneys General, for Plaintiff and Respondent.

CHRISTIAN, J.—A jury found appellant guilty of false imprisonment (violation of Pen. Code, § 236) and employment of a minor in the preparation of obscene matter (violation of Pen. Code, § 311.4). Appellant admitted a prior conviction under section 311.4; this makes the second offense a felony (Pen. Code, § 311.9, subd. (b)). The appeal is from a

judgment sentencing the defendant to concurrent terms in the state prison.

The evidence clearly established that appellant, a homosexual deviate, lured the 20-year-old complaining witness to appellant's house one night and took obscene photographs of him. There was ample evidence of false imprisonment. During part of the episode appellant chained and shackled the complaining witness, hand and foot, and abused him sexually, to his great alarm. ■■ Appellant's only contention regarding the conviction for false imprisonment is that the court erred in failing to deliver a balanced and complete instruction on motive. The court informed the jury, in language proposed by the prosecution, that ''Although it is not necessary that a motive on the part of the defendant be established to show [the] crime of false imprisonment, a motive on his part is an important circumstance to be considered in determining the facts.'' Although the instruction was adapted from an appellate decision (*People* v. *Hernon* (1951) 106 Cal.App.2d 638 [235 P.2d 614]) and is in the abstract a correct statement, it is not a model of clarity and balance. It would perhaps have been better, as appellant points out, if the court had given such an instruction as California Jury Instructions, Criminal, instruction 35 (revised). If the court regarded motive as a matter requiring any explanation at all, perhaps it would have been better to comment briefly in meaningful terms referring directly to the evidence which the jury had heard. Here the instruction was accurate but incomplete; a statement on the effect of any absence of motive might have been useful to the jury. But appellant did not request any amplification of the instruction. ■■ '' 'Where an instruction on a particular point or points as given by the court is correct as far as it goes, and the only valid objection, if any, to it is that it is deficient or inadequate by reason of its generality, indefiniteness, or incompleteness, if defendant desires additional, amplified, explanatory, fuller, or more complete, elaborate, comprehensive, definite, specific or explicit instructions on such point or points, he must properly request the same, otherwise error cannot be predicated upon the failure to give such additional instruction.' '' (*People* v. *Starkey* (1965) 234 Cal.App.2d 822, 829 [44 Cal.Rptr. 738]; *People* v. *Carothers* (1946) 77 Cal.App.2d 252, 255 [175 P.2d 30].) We conclude that the judgment must be affirmed as to the false imprisonment count.

■■ There was no evidence that appellant took the photo-

graphs intending to publish them in any way. Even without a showing of such intent, the evidence would have supported a conviction of contributing to the delinquency of a minor. (Pen. Code, § 272.) However, the jury found appellant not guilty upon a count of the information charging that offense. Therefore, we must decide whether, under Penal Code section 311.4, the use of a minor in the preparation of obscene material is punishable where there is no showing of a specific intent to publish or distribute the material. Penal Code section 311.4 provides:

"Every person who, with knowledge that a person is a minor, or who, while in possession of such facts that he should reasonably know that such person is a minor, hires, employs, or uses such minor to do or assist in doing any of the acts described in Section 311.2, is guilty of a misdemeanor."

This section does not provide a complete definition of the conduct made punishable; reference to section 311.2 is called for:

"Every person who knowingly: sends or causes to be sent, or brings or causes to be brought, into this State for sale or distribution, or in this State prepares, publishes, prints, exhibits, distributes, or offers to distribute, or has in his possession with intent to distribute or to exhibit or offer to distribute, any obscene matter is guilty of a misdemeanor."

The California Supreme Court has held (*In re Klor* (1966) 64 Cal.2d 816 [51 Cal.Rptr. 903, 415 P.2d 791]) that in a prosecution under section 311.2 the words "prepares, publishes, prints, exhibits, distributes, or offers to distribute," as used in the statute must all be read as modified by the words "with intent to distribute or to exhibit or offer to distribute." This construction of section 311.2 was adopted partly because the statute could not constitutionally proscribe the mere preparation of obscene material without any intent to distribute it. An alternative ground of the Supreme Court's holding in *Klor* was that the language of section 311.2 indicates that the same result was intended by the Legislature. Thus it is settled that there is no violation of section 311.2 unless one "prepares, publishes, prints [etc])" the obscene material with the intent to distribute it. (Accord *People* v. *Noroff* (1967) 67 Cal.2d 791, 793 fn. 4 [63 Cal.Rptr. 575, 433 P.2d 479]; *People* v. *Samuels* (1967) 250 Cal.App.2d 501, 509 [58 Cal.Rptr. 439].)

Turning again to the language of section 311.4, appellant contends that its proscription of knowing use of a minor in

"doing any of the *acts* described in section 311.2" (italics added) must, in effect, be read as referring to any of the *crimes* defined in section 311.2, with the result that under *Klor,* notwithstanding the participation of a minor, a showing of specific intent to exhibit or distribute the obscene material is required. We observe first that the constitutional alternative ground of decision in *Klor* does not apply; that case does not hold that it would be an infringement of First Amendment rights to make it a crime to use a minor in the preparation of obscene materials. (Cf. *Redrup* v. *New York* (1967) 386 U.S. 767 [18 L.Ed.2d 515, 87 S.Ct. 1414]; *Prince* v. *Massachusetts* (1944) 321 U.S. 158 [88 L.Ed. 645, 64 S.Ct. 438].) We must therefore construe and apply section 311.4 so as to carry out the intention of the Legislature, if that intention can be ascertained from the language of the statute. (Pen. Code, § 4; *Downing* v. *Municipal Court* (1948) 88 Cal.App.2d 345 [198 P.2d 923].) The language of section 311.4 does not expressly require the result sought by appellant: it does not condemn the use of a minor in the commission of the *crime* defined in section 311.2 (which would include the element of the specific intent which is requisite to a conviction under that section). Instead, the reference is to using a minor "in doing any of the *acts* described in section 311.2. . . ." (Italics added.) It is a commonplace of the criminal law that "In every crime or public offense there must exist a union, or joint operation of act and intent. . . ." (Pen. Code, § 20.) Thus penal statutes commonly define as separate elements prerequisite to criminal liability, a proscribed act and a particular state of mind accompanying the act. Also, in common usage the word "act" refers to the objective fact of "a thing done or being done." (Webster's Third New International Dictionary.) The intent accompanying an act is a subjective factor which, depending upon the crime, may be either a generalized *scienter* inferable from a volitional act (*People* v. *Vogel* (1956) 46 Cal.2d 798, 802 [299 P.2d 850]) or a specific intent such as that required under section 311.2. In either case it is a separate element of the crime.

There are other indications that the Legislature did not intend to incorporate in section 311.4 the specific intent applicable to a charge under section 311.2. First, the evident purpose of section 311.4 is to protect minors from being corrupted and abused in the *production* of pornographic material. The validity of this purpose is not strongly affected by any subjective intent which may be entertained by the

accused regarding the distribution of the obscene material which is to be produced; the injury to the minor's character, and the handicap to his healthy emotional development resulting from abuse in the production of obscene material, are not exclusively dependent upon someone's intention to distribute the material. Second, section 311.4 contains its own additional factor of *mens rea*: only one who "with knowledge that a person is a minor" uses the minor in doing any of the proscribed acts is punishable under section 311.4. It seems to us unlikely that the Legislature would have included in section 311.4 this special definition of criminal intent if it intended, by the reference to section 311.2, to include the further element of specific intent which was held in *Klor* to be applicable in prosecutions brought under section 311.2.

 A new statute is to be given a reasonable and practical construction where the language is susceptible thereof (*People* v. *Murata* (1960) 55 Cal.2d 1, 7 [9 Cal.Rptr. 601, 357 P.2d 833]) and we should not, by a forced construction of statutory language, thwart a legislative intent which is reasonably apparent from the language of the enactment. Viewing the statute "from the standpoint of a reasonable man who might be subject to its terms" (*People* v. *Sorensen* (1968) 68 Cal.2d 280, 285 [66 Cal.Rptr. 7, 437 P.2d 495]) we regard section 311.4 as an adequate warning that the knowing use of a minor in the production of obscene material is punishable.

The judgment is affirmed.

Devine, P. J., and Rattigan, J., concurred.

A petition for a rehearing was denied April 19, 1968, and appellant's petition for a hearing by the Supreme Court was denied May 15, 1968.