[Civ. No. 31701.   Second Dist., Div. Five.   Oct. 10, 1968.]

CITY OF SANTA MARIA, Plaintiff and Respondent, v. v. ALCO-PACIFIC ENTERPRISES, INC., et al., Defendants and Appellants.

478

Fadem & Kanner and Gideon Kanner for Defendants and Appellants.

John A. Van Ryn, City Attorney, Anson & Gleaves and Milnor E. Gleaves for Plaintiff and Respondent.

STEPHENS, J.—This appeal arises out of an action in eminent domain filed by the City of Santa Maria against the defendants for the purpose of acquiring an easement for the installation of a water transmission line. The original action to acquire this easement was filed by the city on May 8, 1961, in the Superior Court of Santa Barbara County, and the city went into actual possession of the easement on this date. No service was made on defendants in that action, and on March 4, 1965, that action was dismissed; on that same day, a new action, identical to that dismissed, was filed, also in the Superior Court of Santa Barbara County.

Summons were issued upon the filing of the new action. On April 6, 1965, defendants filed their answer to the latter complaint, and on April 9, the city filed a demurrer to the answer. On April 14, the defendants moved for a change of venue, and the hearing on the motion for the change of venue was set for April 23, 1965. On April 20, plaintiff filed a reply to that motion, and requested the motion be granted and the venue be ordered changed to San Luis Obispo County Superior Court. The court heard argument on the motion on that day and took the matter under submission. For reasons that do not appear in the record, the Santa Barbara court did not rule on the motion until September 1, 1965; on that date, the motion for a change of venue was granted, and the cause transferred to the Superior Court in San Luis Obispo County. On September 7, 1965, defendants filed a notice of appeal from the order transferring the matter to San Luis Obispo. Realizing that this was a nonappealable order, defendants voluntarily abandoned the appeal on September 30. On November 1, 1965, the city's demurrer to the answer was heard in the Superior Court of San Luis Obispo County; the demurrer was granted with leave to amend. On November 19, 1965, the defendants filed their amended answer. On November 22, 1965, a memorandum for setting was filed, alleging preference. On November 29, the court placed the cause on the pretrial calendar and assigned it a priority number. On December 20, defendants executed the certificate of readiness and suggested a trial date of June 15, 1966. On December 22, plaintiff sought an earlier trial setting without specificity of date. On December 24, defendants objected to an earlier trial date, but acknowledged that the setting was discretionary. The plaintiff's request for early setting discussed interest costs due to possession, but made no reference to a valuation date issue. On January 26, plaintiff filed a certificate of readiness and asked again for an early setting. On February 7, the court, on its own motion, set pretrial for March 25, 1966. The pretrial was held, and trial set for October 18, 1966 in Department 1. On March 31, 1966. plaintiff filed his motion for the fixing of date valuation. On April 11, a corrected pretrial conference order was filed setting the motion to fix date of valuation for May 25. On June 3, valuation date was fixed and, as corrected on June 8, was set as of March 4, 1965.

As the date for the trial of the valuation phase of the action approached, Mr. Fadem, counsel for the defendants, found himself in trial in another matter in the Superior Court of Los Angeles County. This latter case had commenced on September 26, 1966. Mr. Fadem was to be counsel only in the valuation phase of that case. The valuation phase of the Los Angeles case was estimated to take 7 days, and the entire case was estimated for 14 days. Subsequently it became clear that the estimate of time was inaccurate and in fact the valuation phase of that case alone took 22 days. As the imminent calendaring conflict between the Los Angeles trial in which Mr. Fadem was engaged and this action became apparent, there were communications between Mr. Fadem's office and counsel for the city. Counsel for the city maintains that at no time during these communications did he give any indication that he would agree to a continuance in the instant matter, and he points to a letter dated October 13, 1966 in which he indicated to defendants that he was not willing to agree to a continuance. However, there is a statement by counsel for the city that was made on the morning of the trial setting which indicated that he had held open the possibility of a week's continuance. On the day before the trial, whatever possibility for a stipulated continuance, if there in fact had ever been any, had disappeared, and for the first time counsel for the defense contacted the court in San Luis Obispo and informed it of his conflict. The court was displeased with the situation, to say the least. The court denied the motion for a continuance.

The motion for the continuance having been denied, the counsel for the defendants left and the matter went to trial. The request for jury trial was withdrawn, and counsel for the city presented its case with no appearances or testimony for the defendants' side. The court made an award of $525, the exact amount of the appraisal by the city's expert. The declaration of the appraiser for the defendants states his appraisal was in excess of $10,000. Motions for a new trial and for relief pursuant to section 473 of the Code of Civil Procedure were made and denied. The defendants appeal from the judgment.

### The Denial of the Motion for a Continuance

Defendants contend that it was reversible error for the trial court to have denied their motion for a continuance in the instant matter. We do not answer this contention since we

find that it was an abuse of discretion to fix the date of valuation as of March 4, 1965, and this necessitates reversing the judgment.

### The Valuation Date

The defendants also urge as error the order of the trial court designating the date of the issuance of summons as the date of valuation. ■ The determination of the valuation date is governed by section 1249 of the Code of Civil Procedure, which in its relevant portions states: ''For the purpose of assessing compensation and damages the right thereto shall be deemed to have accrued at the date of the issuance of summons and its actual value at that date shall be the measure of compensation . . .; provided, that in any case in which the issue is not tried within one year after the date of the commencement of the action, unless the delay is caused by the defendant, the compensation and damages shall be deemed to have accrued at the date of the trial.'' The proper valuation date is a constant; it is not reassessed at a subsequent trial if one becomes necessary. (*People* v. *Murata*, 55 Cal.2d 1 [9 Cal.Rptr. 601, 357 P.2d 833].) Section 1249 must be applied without consideration of the fact that the plaintiff in the instant action actually took the easement and went into possession well in advance of the filing of the second action in this case. (*City of San Rafael* v. *Wood*, 144 Cal.App.2d 604 [301 P.2d 421]; *City of Los Angeles* v. *Tower*, 90 Cal.App.2d 869 [204 P.2d 395].)[1]

■ *County of San Mateo* v. *Bartole*, 184 Cal.App.2d 422, 436-437 [7 Cal.Rptr. 569] makes clear that in reviewing a determination of valuation date on appeal, the appellate court need only look to see if the finding of the trial court is supported by substantial evidence. The ruling of the trial court is treated as a question of fact on appeal. ■ Our role, then, is to ascertain if the setting of the valuation date as the date of the issuance of the summons at the time of filing the second action is supported by substantial evidence. Our conclusion is that it is not. A search of this record reveals no action by the defendants to unduly delay bringing this matter to trial. ■ The long delay (over 4 months) by the court in Santa Barbara in ruling on the motion for a change of venue cannot be blamed on the defendants. The period of the pendency of

---

[1]The constant date in the instant case is October 18, 1966, the date set for trial.

the abortive appeal from the order on the venue motion did not stay the trial proceedings. The plaintiff urges that at the time of the pretrial conference the defendants requested the October trial date. It must be noted that the pretrial conference took place in excess of the one year from the commencement of the action, and there is nothing in the record to indicate any act of defendants which contributed to such a long delay from the filing of the amended answer until the pretrial conference. Nor can the delay of filing the certificate of readiness (from December 20, 1965 to January 24, 1966) be charged against defendants. Had the plaintiff desired a pretrial date prior to the expiration of the one year period, it could have obtained one in the same manner as was approved in *Swartzman* v. *Superior Court*, 231 Cal.App.2d 195, 198-199 [41 Cal.Rptr. 721]. No such advancement or early hearing date was sought by plaintiff. The record just does not substantiate the claim of delay caused by defendants, as urged by plaintiff. The joint pretrial statement states that the plaintiff requested April 18 or May 16, 1966, and the defendants requested May 31 or June 27 as the trial dates. The court set the October 18 date. The die as to the date of valuation had already been cast as of the date of the pretrial, for the year had already passed. The provisions of Code of Civil Procedure section 1249 were construed in *People* v. *Murata*, 55 Cal.2d 1, where the court said (pp. 5-6 [9 Cal.Rptr. 601, 357 P.2d 833]) : ''The proviso puts the burden on the condemner to get the case to trial within the one-year period if the condemner is to have the advantage of having the value and damages fixed as of the date of issuance of the summons, 'unless the delay is caused by the defendant.' [Footnote omitted.] It clearly contemplates a situation where it lies within the power of the parties to get the issue to trial within the one-year period. If the condemner delays setting the case for trial beyond this period, it forfeits the right to have value and damages fixed as of the date of the issuance of the summons, but if the delay in setting the case for trial beyond the one-year period 'is caused by the defendant,' the condemner retains the right to have value and damages fixed as of the earlier date. The section is plainly an expedition statute; it puts a premium on the condemner to get the case to trial within the year, and it puts a burden on the defendant who for any reason delays the setting of the trial beyond the one-year period.''

We perceive no evidence of delay caused by the defendants necessitating the later trial date.

The judgment is reversed.

Kaus, P. J., and Aiso, J. pro tem.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.